STATE OF NORTH CAROLINA v. LANGSTON OLIVER

No. 8617SC88

(Filed 15 July 1986)

1. **Burglary § 7— breaking and entering with intent to commit rape and larceny—failure to submit misdemeanor breaking or entering—no prejudice**

   In a prosecution for first degree burglary in which defendant was alleged to have broken and entered with the intent to commit rape and larceny, there was no prejudice from the trial court's failure to submit misdemeanor breaking and entering on the theory that defendant intended to have consensual sexual intercourse because defendant's conviction was based on intent to commit larceny.

2. **Criminal Law § 66.20— impermissible pretrial identification procedure—admissibility of in-court identification—findings sufficient**

   The trial court's findings of fact were sufficient in a prosecution for first degree burglary in which defendant's motion to suppress the victim's in-court identification testimony as tainted by an impermissible pre-arrest photographic identification was denied without a recitation that the findings were based on clear, strong and convincing evidence; the trial judge is required to apply the clear and convincing evidentiary standard but is not required to declare in writing that the standard was applied.

APPEAL by defendant from *Wood, Judge.* Judgment entered 8 August 1985 in Superior Court, CASWELL County. Heard in the Court of Appeals 14 May 1986.

Defendant was indicted for first degree burglary, the allegation being that he broke and entered the occupied home of Betty Blalock (now Rashed) in the early morning hours of 31 December 1984 with the intent to commit rape and larceny therein. In his first trial the jury could not agree on a verdict and a mistrial was ordered. Upon being retried the jury found him guilty and that his breaking and entering was done with the intent to commit larceny therein.

In gist the State's evidence tends to show that: On the night in question Ms. Rashed was in her home asleep on a sofa. The room was illuminated by a lamp at the end of the sofa close to her feet and by an overhead lamp which shined from an adjoining room through an open doorway at the other end of the sofa. As Ms. Rashed slept she felt something on her thigh and brushed it away without fully waking. When she felt it again she realized it was someone's hand and she threw the blanket back and saw the

defendant on the sofa with her; his face was but two or three feet away. She screamed and he ran out of the house. A neighbor, awakened by the scream, telephoned the county Sheriff and deputies took her to the department office. After accurately describing defendant to the deputies she picked him out of a photographic line-up; this line-up was held to be impermissibly suggestive at the first trial and evidence concerning it was not offered in this trial. But, afraid to go home, she was still in the Sheriff's Department several hours later when defendant was brought in by deputies and she immediately identified him as the intruder. After returning home a search revealed that a pistol had been taken from a dresser in the room that defendant entered.

Defendant's evidence tended to establish an alibi. He testified that he was at home that night sleeping off a day of drinking and smoking marijuana, and had never been in Ms. Rashed's home. His testimony as to his whereabouts when the crime was committed was corroborated by that of other witnesses.

*Attorney General Thornburg, by Assistant Attorney General Barbara Peters Riley, for the State.*

*W. Osmond Smith, III and Mark Galloway for defendant appellant.*

PHILLIPS, Judge.

[1] The first of two questions raised by defendant's appeal is whether the trial court erred in refusing to submit the lesser included offense of misdemeanor breaking and entering to the jury. Defendant argues that since the State's evidence shows that he fled without further ado when she resisted his advances the jury could have found that he entered the apartment with the non-felonious intent to have sex with Ms. Rashed but only if she was agreeable. Assuming *arguendo* that the jury could have found from the State's evidence (the defendant's evidence being that he was not even there) that *so far as sex* was concerned his entry was without a felonious intent, the failure to submit such an issue to the jury did not prejudice the defendant in our opinion. For the defendant's felony conviction is not based upon his intentions concerning sex, it is based upon his intent to commit larceny and it is most unlikely, we think, that he would not have been convicted of

that offense if the issue requested had been submitted. *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980).

[2] The other question presented is whether defendant's motion to suppress Ms. Rashed's in-court testimony identifying him as the burglarious intruder should have been granted. In his assignment of error defendant contended that the testimony should have been suppressed because it was irretrievably tainted by the impermissible suggestiveness of the pre-arrest photographic identification procedure. In his brief, however, this contention is neither argued nor supported and we deem it to have been abandoned. Rule 28(a), N.C. Rules of Appellate Procedure. The contention that is made, for the first time, and argued is that the findings of fact made by the court on the suppression-admissibility issue were inadequate. Though the contention is not properly before us we nevertheless have considered it and determined that it is also without merit. When the in-court identification of defendant by Ms. Rashed was challenged, a *voir dire* was conducted in the absence of the jury, as the law requires. Based on the evidence presented the trial judge determined that the proffered in-court identification testimony was of independent origin and was not tainted by the impermissible photographic line-up. That determination is supported by detailed findings of fact, all of which are supported by competent evidence. These findings are therefore binding upon us. *State v. Tuggle*, 284 N.C. 515, 201 S.E. 2d 884 (1974). The inadequacy in the court's findings that defendant now points to is that they do not *recite* that they are based on "clear, strong and convincing evidence," as he apparently understands *State v. Yancey*, 291 N.C. 656, 231 S.E. 2d 637 (1977), *State v. Jacobs*, 277 N.C. 151, 176 S.E. 2d 744 (1970), and *State v. Accor*, 277 N.C. 65, 175 S.E. 2d 583 (1970) to require. While those decisions do require the trial judge to *apply* the clear and convincing evidentiary standard in determining that identification testimony was of independent origin, they do not require the judge to declare in writing that the standard was applied. Our review of the record indicates that the judge followed the law in ruling on the challenged testimony and the assignment of error is overruled.

No error.

Judges MARTIN and PARKER concur.