RONNIE BARFIELD MYERS AND SHELBY MYERS, PLAINTIFFS-APPELLANTS v. THAD J. BARRINGER, M.D.; THAD J. BARRINGER, JR., M.D.; RALEIGH PSYCHIATRIC ASSOCIATES, P.A.; JAFAR M. SHICK, M.D.; WAKE ANESTHESIOLOGY ASSOCIATES, INC.; RICHARD WEISLER, M.D.; AND WAKE PSYCHIATRIC HOSPITAL, INC., D/B/A HOLLY HILL HOSPITAL, DEFENDANTS-APPELLEES

No. 9010SC174

(Filed 18 December 1990)

**1. Appeal and Error § 122 (NCI4th)— summary judgment as to one defendant—premature appeal**

An order granting summary judgment only for defendant psychiatric hospital in plaintiffs' medical malpractice action against the hospital, treating physicians and anesthesiologists did not affect a substantial right and was not immediately appealable where the duty owed to plaintiff patient by defendant hospital was different from the duties owed plaintiff by independent contractor physicians and anesthesiologists and the issues in all cases were thus not the same.

**Am Jur 2d, Appeal and Error §§ 104, 724, 853.**

2. **Appeal and Error § 178 (NCI4th)— summary judgment on one claim—notice of appeal—remaining claims not stayed**

Plaintiff's notice of appeal from an order granting summary judgment for defendant psychiatric hospital in his medical malpractice action did not stay plaintiff's remaining malpractice claims against his treating physicians and anesthesiologists since the issues involved in each claim are different and severable, and the remaining claims are thus not matters embraced in the the claim against defendant hospital within the meaning of N.C.G.S. § 1-294. Therefore, the trial court could properly dismiss the remaining claims under N.C.G.S. § 1A-1, Rule 41(b) for failure to prosecute and to comply with the trial court's order to prosecute.

**Am Jur 2d, Appeal and Error § 371.**

3. **Hospitals § 3.2 (NCI3d)— negligence by hospital employees— insufficient evidence of proximate cause**

Plaintiff's forecast of evidence was insufficient to show that the failure of defendant psychiatric hospital's staff to record plaintiff's complaints about hip and thigh pain after receiving ECT treatments and to report those complaints to the treating physicians was a proximate cause of plaintiff's injuries where plaintiff's deposition stated that he made the same complaint of pain to his treating physicians, and the physician who administered the treatments testified by deposition that he would have responded in the same manner whether a complaint of hip and leg pain was made directly to him by a patient or was conveyed to him by the hospital staff.

**Am Jur 2d, Hospitals § 44.**

APPEAL by plaintiffs from order entered 11 October 1989 in WAKE County Superior Court by *Judge Henry W. Hight, Jr.*, and from judgment entered 13 November 1989 in WAKE County Superior Court by *Judge Henry V. Barnette*. Heard in the Court of Appeals 21 September 1990.

*Loflin & Loflin, by Thomas F. Loflin III, for plaintiff-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Timothy P. Lehan, for defendant-appellee Thad Barringer, M.D.*

*LeBoeuf, Lamb, Leiby & MacRae, by George R. Ragsdale, for defendant-appellee Thad Barringer, Jr., M.D.*

MYERS v. BARRINGER

[101 N.C. App. 168 (1990)]

*Yates, McLamb & Weyher, by Joseph W. Yates, III and Barbara B. Weyher, for defendant-appellees Jafar M. Shick, M.D. and Wake Anesthesiology Associates, Inc.*

*Newsom, Graham, Hedrick, Bryson & Kennon, by William P. Daniell, for defendant-appellee Wake Psychiatric Hospital, Inc.*

DUNCAN, Judge.

In this appeal, plaintiffs, Ronnie and Shelby Myers ("the Myers"), seek to overturn the order of summary judgment granted to defendant Wake Psychiatric Hospital, Inc. ("Holly Hill"). The Myers also seek to overturn the judgment dismissing their remaining claims against the non-Hospital defendants. For the reasons which follow, we affirm the decisions of the trial judge.

I

Ronnie Myers ("Mr. Myers") brought this action for medical malpractice against Thad J. Barringer ("Dr. Barringer"), Thad J. Barringer, Jr. ("Dr. Barringer, Jr."), Jafar M. Shick ("Shick"), Wake Anesthesiology Associates, Inc. ("Anesthesiology Associates"), and Holly Hill.

Mr. Myers was a patient at Holly Hill undergoing treatment for depression and migraine headaches. Mr. Myers was a patient of Dr. Barringer prior to his hospitalization; Dr. Barringer was treating him for depression, for which he recommended electroconvulsive therapy treatments ("ECT"). The complaint alleges that he misdiagnosed Mr. Myers' condition and negligently failed to recommend effective medication treatment, but instead recommended ECT.

Dr. Barringer, Jr., administered the eight ECT treatments Mr. Myers received. The complaint alleges that he was negligent in administering the ECT treatments and that the proximate result of that conduct was fractures in both of Mr. Myers' hips which ultimately necessitated replacement of both hips. The complaint also alleges that Dr. Barringer, Jr. was also negligent in failing to adequately diagnose Mr. Myers' condition, to recommend alternative medication treatment, and to properly advise and inform Mr. Myers of the risk and side effects associated with ECT, particularly the risk of seizures and muscle contractions which can cause fractures to the body.

Shick is an employee of Anesthesiology Associates, whose personnel acted as anesthesiologists during each of the eight ECT treatments Mr. Myers received. Shick was the attending anesthesiologist during the third, fourth and fifth ECT treatments. The complaint alleges that Shick and Anesthesiology Associates improperly advised Mr. Myers of the side effects associated with ECT, and that they took improper precautions, including failure to administer sufficient dosages of proper medications to control Mr. Myers' muscle contractions and seizures while he underwent ECT treatments.

As to Holly Hill, the complaint alleges that the hospital, through its employees, failed to document and insure that the physicians treating Mr. Myers were aware of his complaints of pain and soreness, particularly his complaints of pain and soreness in his hips and legs which he alleges he made after each ECT treatment. The complaint further alleges that Holly Hill failed to properly advise Mr. Myers of the risks of seizures and muscle contractions associated with ECT treatments.

Shelby Myers ("Mrs. Myers") brought a claim against the same defendants for loss of consortium. Holly Hill filed a motion for summary judgment which was granted. The Myers filed notice of appeal to the order granting summary judgment for Holly Hill. They were advised that trial would be held on the remaining claims in ten days and the trial judge offered them the opportunity to seek a writ of supersedeas, which they did not pursue. On the day of trial, the Myers refused to proceed and the trial judge entered an order dismissing their remaining claims with prejudice. From those orders the Myers appeal.

This appeal presents three issues:

(1) Whether the appeal of the summary judgment as to one but not all defendants is premature;

(2) Whether notice of appeal stayed further action by the trial judge as to the remaining claims; and

(3) Whether the order of summary judgment granted to Holly Hill was proper.

## II

The Myers assign error to the trial judge's ruling that the trial court retained jurisdiction to try this case with respect to

the remaining defendants after they filed a notice of appeal with respect to the summary judgment granted to Holly Hill. They contend that their interlocutory appeal with respect to Holly Hill deprived the trial court of the jurisdiction to try this case as to the remaining defendants. Before we reach the issue of the propriety of the summary judgment awarded to Holly Hill, we must address the propriety of this appeal.

Summary judgment granted to some but not all defendants is an interlocutory judgment since it "does not dispose of the case but leaves it for further action for the trial court in order to settle and determine the entire controversy." *Veazy v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). In *Davidson v. Knauff Ins. Agency*, this court made an analysis of the appealability of interlocutory judgments and concluded that there are two means of appealing judgments which are interlocutory. 93 N.C. App. 20, 376 S.E.2d 488 (1989), *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772.

First, if there has been a final disposition of at least one but fewer than all claims, the final disposition of those claims may be appealed if the trial judge in addition certifies that there is no just reason to delay the appeal. *Davidson*, 93 N.C. App. at 24, 376 S.E.2d at 490 (citations omitted). In this case, the trial judge failed to certify in its order granting Holly Hill summary judgment that there was no just reason to delay the appeal. Thus, there can be no appeal of the summary judgment under Rule 54(b).

The second means of appeal for an interlocutory order is available if the order qualifies under the pertinent provisions of N.C. Gen. Stat. §§ 1-277 and 7A-27(d) (1989). Under those Sections appeals are commonly allowed if delaying the appeal will affect any substantial rights. N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1). *Accord Davidson, supra.* Our Supreme Court has stated that in order to determine whether a substantial right will be affected by delaying an interlocutory appeal we must examine each case by considering the particular facts of the case and the procedural context in which the order from which appeal is sought is entered. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

Our Supreme Court has further instructed that "the right to avoid the possibility of two trials on the same issues can be such a substantial right." *Davidson*, 93 N.C. App. at 25, 376 S.E.2d at 491 (quoting *Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982)). The rationale for that proposition being

when common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn creates the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue. (citations omitted)

*Davidson*, at 25, 376 S.E.2d at 491.

N.C. Gen. Stat. § 1-294 (1983) provides that perfecting an appeal stays further proceedings upon the judgment appealed from and "upon matters embraced therein." Thus, the possibility of two trials of the same factual issues is averted.

[1] The Myers cite *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982), to support their position that this case involves a substantial right in that there is the possibility of inconsistent verdicts and that it is their right to have a jury decide if the conduct of one, some, all or none of the defendants caused injury to them. *Bernick* is distinguishable in that it involved an interlocutory order with regard to a products liability claim but the trial judge did not adjudicate the remaining claim of respondeat superior. The factual issues were the same in that the question remained whether the alleged negligent, intentional or malicious conduct was contemplated in the warranty or was foreseeable by the manufacturer and distributors of the product in question. This case, on the other hand, involves medical malpractice claims against defendants, each of whom had a separate and distinct contract from the others and each of whom owed a different duty to the Myers. An independent contractor physician stands legally apart from a hospital which provides an environment for the physician to practice medicine. *Davis v. Wilson*, 265 N.C. 139, 143 S.E.2d 107 (1965). Thus, the claim against Holly Hill involves issues which are not factually the same, particularly the duty a hospital owes a patient and the duty owed by an independent contractor physician to his patient, and this appeal is premature.

[2] Further, since we have determined that the issues involved in the Myers' claims against each defendant are severable, the remaining causes of action are not "matters embraced" in the action against Holly Hill. Thus, the remaining actions were not stayed. In light of the fact that the Myers refused to proceed to trial when ordered to do so, they did not make a motion for a continu-

ance, nor did they seek a writ of supersedeas—despite a specific offer by the court of the opportunity to do so, we find that the court properly exercised its jurisdiction in dismissing the remaining claims under N.C. Gen. Stat. § 1A-1, Rule 41(b) (1983) for failure to prosecute and to comply with the trial judge's order to prosecute.

### III

[3] We now turn to the issue of whether summary judgment was properly granted as to Holly Hill. On a motion for summary judgment, all pleadings, affidavits, answers to interrogatories and other materials offered must be viewed in the light most favorable to the party against whom summary judgment is sought. *Durham v. Vine*, 40 N.C. App. 564, 566, 253 S.E.2d 316, 318 (1979). Summary judgment is properly granted where there is no genuine issue of material fact to be decided and the movant is entitled to a judgment as a matter of law. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E.2d 101 (1970).

On appeal, the Myers make two contentions. First, they contend Mr. Myers complained to the hospital staff about hip and thigh pain after receiving ECT treatments but that the hospital staff was negligent in recording and reporting those complaints to Dr. Barringer, Jr. We find that contention unavailing. Mr. Myers testified in his deposition that he made the very same complaints of pain to his treating physicians that he allegedly made to the nurses and employees of Holly Hill.

The Myers' second contention is that even if the treating physicians knew about Mr. Myers' hip and thigh pain from their communications with him, if the hospital staff would have reported and recorded his complaints, the duplicity of those complaints would have caused the treating physicians to take Mr. Myers' complaints more seriously. That contention is unavailing in that Dr. Barringer, Jr., testified on deposition that he would have responded in the same manner whether a complaint of hip and leg pain was made directly to him by a patient or was conveyed to him by the nursing staff. We therefore find that the order of summary judgment granted to Holly Hill was proper in that there is no evidence that the conduct of the hospital was the proximate cause of the Myers' injuries.

We therefore find that the order of summary judgment is

Affirmed.

The order dismissing the Myers' remaining claims is

Affirmed.

Judges ORR and GREENE concur.