443 S.E.2d 761 (1994)
Janelle M. LAVELLE, Plaintiff-Appellant,
v.
GUILFORD COUNTY AREA MENTAL ILLNESS, MENTAL RETARDATION AND SUBSTANCE ABUSE AUTHORITY, and Dr. Timothy Daughtry, in his official capacity as Area Director of Guilford County Area Mental Illness, Mental Retardation and Substance Abuse Authority, Defendants-Appellees.
No. 9318SC259.
Court of Appeals of North Carolina.
June 7, 1994.
*762 Central Carolina Legal Services, Inc. by Sorien K. Schmidt, Greensboro, for plaintiff-appellant.
Guilford County Attorney's Office by Deputy County Atty., J. Edwin Pons, Greensboro, for defendants-appellees.
WYNN, Judge.
Plaintiff Janelle M. Lavelle received outpatient mental health services from defendant Guilford County Area Mental Illness, Mental Retardation and Substance Abuse Authority (Mental Health) for approximately two years. In April 1991 plaintiff disagreed with Mental Health's proposed course of treatment which included termination of her therapy. Plaintiff filed a grievance with Mental Health and obtained an external advocate pursuant to N.C.Gen.Stat. § 122C-53 to assist her with the grievance process. Plaintiff and her advocate requested a copy of plaintiff's confidential records but Mental Health refused to release them.
Plaintiff then retained an attorney who requested access to plaintiff's records and provided a release signed by plaintiff. Dr. Jan D. Lhotsky, a Mental Health employee, replied that he would only give plaintiff's attorney copies of plaintiff's grievance form and her involuntary commitment certificate and would not release any other of plaintiff's mental health records. Dr. Lhotsky said the other records in plaintiff's file would be injurious to plaintiff's physical or mental health if shown to her.
Plaintiff then filed this action seeking a temporary restraining order and a preliminary injunction directing defendants to release plaintiff's complete file with Mental Health, a permanent injunction to the same effect, a declaratory judgment that N.C.Gen. Stat. § 122C-53(i) requires Mental Health to release all confidential information to an attorney upon the request of a client without restrictions, and attorney's fees. On 19 September 1991 the trial court granted plaintiff a preliminary injunction which provided in pertinent part:
1. That the Defendants and all other persons who are their officers, agents, servants, employees and attorneys are hereby enjoined from refusing to release Plaintiff's confidential records with Defendants to counsel for Plaintiff upon Plaintiff's request;
2. That the attending physician or facility director or his designee must identify and mark which specific documents in Plaintiff's confidential Mental Health record may be injurious to Plaintiff's mental or physical well-being;
....
5. That counsel for Plaintiff must not release to Plaintiff such confidential records that have been marked as injurious to plaintiff as set out in paragraph 2 (two) above, unless or until a psychiatrist or psychologist of Plaintiff's choice determines that such marked documents would not be injurious to Plaintiff's mental or physical well-being, or unless or until a judgment or order in this action or an action superceding (sic) this action finds that Plaintiff may have access to such documents;
Subsequently both plaintiff and defendants moved for summary judgment. The trial court granted defendants' motion for summary judgment. From that judgment, plaintiff appeals.
Plaintiff assigns error to the trial court's granting of defendants' motion for summary judgment on the grounds that N.C.Gen.Stat. § 122C-53 "requires defendants to release to an attorney all confidential information relating to a client upon the request of that client." Our review of the record reveals, however, that plaintiff has not raised the issue of the proper construction of *763 N.C.Gen.Stat. § 122C-53 before the trial court nor presented any argument in her brief that she is entitled to a permanent injunction or a declaratory judgment interpreting this statute. Questions not presented and discussed in a party's brief are deemed abandoned. N.C.R.App.P. 28(a); see Gentile v. Town of Kure Beach, 91 N.C.App. 236, 371 S.E.2d 302 (1988); State v. Oliver, 82 N.C.App. 135, 345 S.E.2d 697 (1986), cert. denied, 321 N.C. 123, 361 S.E.2d 601 (1987). Since plaintiff has received the relief she requested, there is no question of law remaining and summary judgment was properly entered for defendants.
Summary judgment shall "be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.Gen. Stat. § 1A-1, Rule 56(c) (1990). The moving party must carry the burden of establishing the lack of a genuine issue as to any material fact and its entitlement to judgment as a matter of law. Bernick v. Jurden, 306 N.C. 435, 293 S.E.2d 405 (1982); Myers v. Barringer, 101 N.C.App. 168, 398 S.E.2d 615 (1990). An issue is genuine if it can be supported by substantial evidence. Martin v. Ray Lackey Enterprises, Inc., 100 N.C.App. 349, 396 S.E.2d 327 (1990). A fact is material if would establish any material element of a claim or defense. City of Thomasville v. Lease-Afex, Inc., 300 N.C. 651, 268 S.E.2d 190 (1980). The purpose of summary judgment is to eliminate formal trials where only questions of law are involved. Baumann v. Smith, 298 N.C. 778, 260 S.E.2d 626 (1979).
In the instant case, plaintiff has already received the relief which she requested. The preliminary injunction ordered defendants to provide plaintiff's attorney with her mental health records which is what she requested in her complaint. Although plaintiff's contention that N.C.Gen.Stat. § 122C-53 requires that no confidential information may be withheld from the client's attorney by a facility was not properly preserved for appeal, we note that the statute explicitly prohibits a client from access to information in the client's record that would be injurious to the client's physical or mental well-being as determined by the attending physician. N.C.Gen.Stat. § 122C-53(c) (1989). It would subvert the purpose of this prohibition to allow the client's attorney to obtain the injurious information and then pass such material to the client without restriction. Common sense requires the conclusion that an attorney should not, of his own accord, contradict the opinion of a medical professional that certain medical records would be harmful if released to the patient. The statute does not require such an absurd result.
Since plaintiff received the relief to which she requested, the release of her medical file to her attorney, there were no remaining issues to be determined and the trial court properly entered summary judgment for defendants.
Affirmed.
LEWIS, J., concurs.
ORR, J., dissents.
ORR, Judge, dissenting.
Because I disagree with the majority's statement that plaintiff failed to present argument with regard to her request for a declaratory judgment and because I disagree with the majority's assertion that "plaintiff has already received the relief which she requested", I respectfully dissent.
Although the preliminary injunction of 19 September 1991 granted plaintiff the initial relief she sought as far as her request for the release of plaintiff's records up to the point of the injunction, it did not affect plaintiff's request for a declaratory judgment that N.C.Gen.Stat. § 122C-53(i) requires defendants to release to an attorney all confidential information relating to the client upon the request of a client, with no restrictions.
As correctly stated by the majority, summary judgment is proper where no genuine issue of material fact exists and one party is entitled to a judgment as a matter of law. Further, "summary judgment can be appropriate in an action for a declaratory judgment where there is no genuine issue of *764 material fact and one of the parties is entitled to judgment as a matter of law." North Carolina Ass'n of ABC Bds. v. Hunt, 76 N.C.App. 290, 292, 332 S.E.2d 693, 694, disc. review denied, 314 N.C. 667, 336 S.E.2d 400 (1985).
In the present case, the basis for the conclusion that defendants were entitled to a judgment as a matter of law cannot, however, be that plaintiff already received the relief she asks for on appeal, as plaintiff's request for a declaratory judgment was never addressed. Further, my review of plaintiff's brief shows that she did not fail to present argument on the issue of this declaratory judgment, and I disagree, therefore, with the majority's assertion that plaintiff abandoned this claim. Thus, in order to determine whether the trial court erred in granting defendants' summary judgment motion, I would reach the merits of plaintiff's claim and interpret N.C.Gen.Stat. § 122C-53(i).
On the issue of statutory construction, our Supreme Court stated in Fowler v. Valencourt, 334 N.C. 345, 348, 435 S.E.2d 530, 532 (1993):
In construing a statute, the Court must first ascertain the legislative intent to assure that the purpose and intent of the legislation are carried out.... To make this determination, we look first to the language of the statute itself.... If the language used is clear and unambiguous, the Court does not engage in judicial construction but must apply the statute to give effect to the plain and definite meaning of the language.
(Citations omitted.)
The statute at issue in the present case is N.C.Gen.Stat. § 122C-53(i) which states:
(i) Upon the request of a client, a facility shall disclose to an attorney confidential information relating to that client.
I find this language to be clear and unambiguous. N.C.Gen.Stat. § 122C-53(i) clearly applies to releasing confidential information only to attorneys. Further, the language clearly states that when a client requests that the facility release confidential information concerning that client to an attorney, the facility is required to do so, without restrictions.
My reading of the language in N.C.Gen. Stat. § 122C-53(i) is further bolstered by an examination of two other provisions in the statute that deal with releasing confidential information to the client and the client's legal representative. N.C.Gen.Stat. § 122C-53(c) and (d) state:
(c) Upon request a client shall have access to confidential information in his client record except information that would be injurious to the client's physical or mental well-being as determined by the attending physician or, if there is none, by the facility director or his designee. If the attending physician or, if there is none, the facility director or his designee has refused to provide confidential information to a client, the client may request that the information be sent to a physician or psychologist of the client's choice, and in this event the information shall be so provided.
(d) Except as provided by G.S. 90-21.4(b), upon request the legally responsible person of a client shall have access to confidential information in the client's record; except information that would be injurious to the client's physical or mental well-being as determined by the attending physician or, if there is none, by the facility director or his designee. If the attending physician or, if there is none, the facility director or his designee has refused to provide confidential information to the legally responsible person, the legally responsible person may request that the information be sent to a physician or psychologist of the legally responsible person's choice, and in this event the information shall be so provided.
Thus, the Legislature placed specific limitations on the confidential information to which the client or the client's legal representative may have access. If the Legislature intended to limit the confidential information to which an attorney may have access, then I presume the Legislature would have included language similar to the language found in N.C.Gen.Stat. § 122C-53(c) and (d) in N.C.Gen.Stat. § 122C-53(i) and if from a policy standpoint that is desirable, then it is for *765 the Legislature to amend the statute accordingly.
Therefore, I would reverse the order of the trial court granting defendants' motion for summary judgment and remand the case for entry of judgment consistent with my dissent.