An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1018
NORTH CAROLINA COURT OF APPEALS

Filed:  4 March 2014


BRADFORD SCOTT HANCOX,
as Administrator of the
ESTATE OF MISHAWN B. MILLER.,
    Plaintiff

    v.                                        Union County
                                              No. 13 CVS 158
WINGATE UNIVERSITY; SMITH BROTHERS
FARM, a General Partnership;
KEITH SMITH, a General Partner;
GRADY SMITH, a General Partner;
and DONALD ERIC WATKINS,
    Defendants


    Appeal by plaintiff from order entered 28 March 2013 by Judge W. David Lee in Union County Superior Court.  Heard in the Court of Appeals 22 January 2014.


    *Michael A. Jones for plaintiff-appellant.*

    *Carruthers & Roth, P.A., by Jack B. Bayliss, Jr., for defendant-appellee Wingate University.*


    DAVIS, Judge.


    Bradford Scott Hancox ("Plaintiff"), the administrator of the estate of Mishawn B. Miller ("Miller"), brings this interlocutory appeal from the trial court's order granting

summary judgment in favor of Wingate University ("Wingate"). After careful review, we conclude that Plaintiff has failed to establish that his appeal implicates a substantial right. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

## Factual Background

Miller was a recent high school graduate who was accepted into Wingate for the 2010-11 academic year. Wingate invited Miller to participate in its Early Academic Success Program ("EASP"), which was held during the summer before the participants' freshman year and was designed to assist incoming students in acclimating to college life.

On 14 August 2010, the EASP students were scheduled to participate in a ropes course activity approximately five miles from Wingate's campus. Dr. Heather P. McDivitt ("Dr. McDivitt"), an academic advisor and program coordinator for EASP, determined that based on the program's goal of introducing students to college life, "it was appropriate to have the EASP students ride with student mentors or carpool with fellow EASP students to the ropes course." In her affidavit, Dr. McDivitt stated that the students "made their own arrangements for transportation" to the ropes course and that she did not assign drivers or riders.

Miller drove himself and three fellow students to the ropes course in his personal vehicle. While en route, Miller's vehicle collided with a truck owned by Smith Brothers Farm and driven by Donald Eric Watkins ("Watkins"). Miller and one passenger were killed, and the other two passengers sustained serious injuries.

On 13 August 2012, Plaintiff filed suit against Wingate, Smith Brothers Farm, Watkins, and Keith Smith and Grady Smith — the two general partners of Smith Brothers Farm — alleging that each party's negligence proximately caused Miller's death. On 23 January 2013, Wingate filed a motion for summary judgment, and on 18 March 2013, Defendants Smith Brothers Farm, Keith Smith, Grady Smith, and Watkins filed a joint summary judgment motion.

By order entered on 28 March 2013, the trial court granted summary judgment in favor of Wingate but denied the remaining defendants' motion, determining that "there are genuine issues of material fact with respect to the plaintiff's remaining claims for relief against the defendants Smith Brothers Farm, Keith Smith, Grady Smith and Donald Eric Watkins and that said defendants are not entitled to judgment as a matter of law." Plaintiff gave timely notice of appeal. The sole issue raised on appeal is whether the trial court erred in entering summary judgment in favor of Wingate.

**Analysis**

Before we can address the substantive issues presented in Plaintiff's appeal, we must determine whether appellate jurisdiction exists over the appeal. Because the trial court's order granted summary judgment as to only one defendant, Plaintiff's claims against the remaining four defendants are still pending and, therefore, this appeal is interlocutory. *See Myers v. Barringer*, 101 N.C. App. 168, 172, 398 S.E.2d 615, 617 (1990) ("Summary judgment granted to some but not all defendants is an interlocutory judgment since it does not dispose of the case but leaves it for further action for the trial court in order to settle and determine the entire controversy." (citation and internal quotation marks omitted)).

Because "[e]ntry of judgment for fewer than all the defendants is not a final judgment . . . [such orders] may not be appealed in the absence of certification pursuant to Rule 54(b) [of the North Carolina Rules of Civil Procedure] unless the entry of summary judgment affects a substantial right." *Camp v. Leonard*, 133 N.C. App. 554, 557, 515 S.E.2d 909, 912 (1999). As the trial court did not certify the order granting summary judgment in favor of Wingate for immediate appeal pursuant to Rule 54(b), it is Plaintiff's burden to show that a substantial right would be jeopardized unless he is permitted to

immediately appeal. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001).

> It is well established that the appellant bears the burden of showing to this Court that the appeal is proper. . . . [W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right."

*Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005).

In his brief, Plaintiff acknowledges the interlocutory nature of his appeal but states that the appeal "is taken on the grounds that it is a case of first impression, or in the alternative, that there should be an extension of the application of current law to [the] case at bar." However, Plaintiff cites no legal authority, and we know of none, supporting the proposition that the existence of appellate jurisdiction over an interlocutory appeal is affected by the novelty of the underlying issues contained therein.

Plaintiff's only reference to the issue of whether this appeal affects a substantial right is his bare assertion that delaying the appeal may expose him to "the costly burden of litigating substantially the same matter twice." However, Plaintiff has provided no specific argument nor cited to any

case law to support this assertion. *See Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 ("The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right."), *disc. review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009).

Our prior caselaw has made clear that "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order . . . ." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Because Plaintiff has failed to establish that a substantial right would be lost or prejudiced unless an immediate appeal is allowed, we are required to dismiss the appeal.

## Conclusion

For the reasons set forth above, Plaintiff's interlocutory appeal is dismissed.

DISMISSED.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).