An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-146

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

CENTURY FIRE PROTECTION, LLC,
     Plaintiff,

     v.                                  Catawba County
                                         No. 12 CVS 1788
CURTIS NEAL MAUSER HEIRS;
STEPHEN MAUSER; BETTY MAUSER
SCIPONE; NADEAN M. YODER; J.C.
FAW; and MELVIN HOWELL, d/b/a
"Club Miami"
     Defendants.


Appeal by plaintiff from order entered 24 June 2013 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 22 May 2014.


     *Kenison, Dudley & Crawford, LLC, by Thomas E. Dudley, III, for plaintiff-appellant.*

     *Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A., by Stephen L. Palmer, for defendant-appellees.*


     DAVIS, Judge.


     Century Fire Protection, LLC ("Plaintiff") appeals from the trial court's order awarding attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35 to the Curtis Neal Mauser Heirs, Stephen Mauser, and Betty Mauser Scipone (collectively "the Mauser

Defendants"). After careful review, we conclude that Plaintiff's appeal is interlocutory, does not implicate a substantial right, and must be dismissed.

## Factual Background

On 27 June 2012, Plaintiff filed a complaint in Catawba County Superior Court against the Mauser Defendants, Nadean M. Yoder, J.C. Faw, and Melvin Howell d/b/a "Club Miami" (collectively "Defendants"). In its complaint, Plaintiff alleged that it had provided "fire protection materials and labor" pursuant to a contract it had entered into with J.C. Faw and Melvin Howell, who were acting as agents for the remaining Defendants. The complaint further alleged that Plaintiff had "fully performed its obligations under the contract and provided materials and labor . . . in the amount of $52,525.00" but that Defendants had "unreasonably refused to pay Plaintiff's claim." In its complaint, Plaintiff sought recovery under breach of contract and *quantum meruit* theories and sought to enforce its claim of lien against Defendants' real property.

On 3 August 2012, the Mauser Defendants filed an amended answer and motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure or, in the alternative, a motion for summary judgment pursuant to Rule 56. The Mauser

Defendants' motion was heard by the Honorable Timothy S. Kincaid in Catawba County Superior Court on 28 May 2013. The trial court concluded that (1) J.C. Haw and Melvin Howell did not have the authority to act as agents for the Mauser Defendants; and (2) there was no contract between Plaintiff and the Mauser Defendants. Accordingly, on 19 June 2013, the trial court entered an order granting summary judgment in favor of the Mauser Defendants as to all of Plaintiff's claims. The trial court also ordered Plaintiff to pay $7,860.12 in attorneys' fees by order entered 24 June 2013. Plaintiff appeals from the 24 June 2013 order awarding attorneys' fees to the Mauser Defendants.

## Analysis

The trial court's 19 June 2013 partial summary judgment order made clear that summary judgment was being granted only in favor of the Mauser Defendants. As such, the order does not dispose of Plaintiff's claims against Nadean M. Yoder, J.C. Faw, and Melvin Howell. When summary judgment is granted in favor of some but not all defendants, the case is not resolved as to all of the parties, and orders entered prior to such resolution are interlocutory. *See Mecklenburg Cty. v. Simply Fashion Stores, Ltd.*, 208 N.C. App. 664, 667, 704 S.E.2d 48, 51 (2010) ("An

order is interlocutory when it does not dispose of the entire case but instead, leaves outstanding issues for further action at the trial level."), *appeal dismissed and disc. review denied*, 365 N.C. 187, 707 S.E.2d 231 (2011); *Myers v. Barringer*, 101 N.C. App. 168, 172, 398 S.E.2d 615, 617 (1990) ("Summary judgment granted to some but not all defendants is an interlocutory judgment since it does not dispose of the case but leaves it for further action for the trial court in order to settle and determine the entire controversy." (citation and internal quotation marks omitted)).

In this case, there is no indication in the record that Plaintiff's claims against the remaining Defendants have been resolved. Nor is there any indication that Plaintiff has voluntarily dismissed those claims. *See Hernandez v. Coldwell Banker Sea Coast Realty*, ___ N.C. App. ___, ___, 735 S.E.2d 605, 608 (2012) (explaining that when plaintiff voluntarily dismissed all claims against remaining defendants, "the trial court's grant of partial summary judgment became a final order and [was] properly before us"), *disc. review denied*, 366 N.C. 436, 736 S.E.2d 192 (2013). Thus, because the claims asserted in Plaintiff's complaint have yet to be resolved in their entirety,

the order awarding attorneys' fees to the Mauser Defendants is interlocutory.

Therefore, we must determine whether we have jurisdiction over Plaintiff's interlocutory appeal.

> There are only two means by which an interlocutory order may be appealed: (1) if the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to [North Carolina Rule of Civil Procedure] 54(b) or (2) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.

*Eastover Ridge, L.L.C. v. Metric Constructors, Inc.*, 139 N.C. App. 360, 363, 533 S.E.2d 827, 830 (citation and internal quotation marks omitted), *disc. review denied*, 353 N.C. 262, 546 S.E.2d 93 (2000).

Because the trial court did not certify its order awarding attorneys' fees for immediate appeal pursuant to Rule 54(b), it is Plaintiff's burden to show that a substantial right would be jeopardized unless an immediate appeal is permitted. *Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001).

> It is well established that the appellant bears the burden of showing to this Court that the appeal is proper. . . . [W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review "sufficient facts and argument to support appellate

> review on the ground that the challenged
> order affects a substantial right."

*Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005).

Plaintiff's brief fails to acknowledge the interlocutory nature of the appeal and, therefore, presents no argument that the order granting attorneys' fees in favor of the Mauser Defendants affects a substantial right.[1]  As such, Plaintiff has failed to satisfy its burden of establishing that a substantial right would be lost or prejudiced unless an immediate appeal is allowed.  *See Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) ("It is not the duty of this Court to construct arguments for or find support for [an] appellant's right to appeal from an interlocutory order . . . ."). Accordingly, we dismiss the appeal.

### Conclusion

For the reasons set forth above, Plaintiff's interlocutory appeal is dismissed.

DISMISSED.

Judges HUNTER, JR. and ERVIN concur.

---

[1]  Instead, Plaintiff's brief incorrectly states that it is appealing from a final judgment.

Report per Rule 30(e).