In the Matter of the Estate of MARY DOORLEY, Deceased.

Surrogate's Court, Bronx County, July 30, 1930.

*Dutton & Kilsheimer*, for Margaret Doorley Miller.
*Griffiths & Content*, for Maude McLean Brand.

HENDERSON, S. The will, a construction of which is sought in this proceeding, reads so far as material:

" *Second.* I give, devise and, bequeath all my estate, both real and personal, to my sister Annie McLean, now residing at East Orange, New Jersey and my brother William Doorley, now residing in Bronx Borough, New York City, share and share alike, and should either be not living at the time of my decease then I give the share of the one so dying to the survivor.

" *Third.* I hereby nominate, constitute and appoint my sister Annie McLean, Executrix of this my Last Will and Testament, giving and granting to her full power and authority to sell and convey all real estate, or any interest therein of which I may die seized, possessed or entitled to, and she is not to be required to give any bond or security for the faithful performance of her duties as such Executrix, * * *."

" *Fourth.* In case my said sister Annie McLean should not be living at the time of my decease, then I nominate, constitute and appoint my brother William Doorley to be Executor in her place and stead, and he is to have all the powers which I have given to my said sister, if she were living."

The testatrix survived both beneficiaries and William Doorley predeceased Annie McLean. Another sister survived the testatrix, but was not mentioned in the will. William Doorley was survived by two children, and Annie McLean was survived by one child. These three children are still living.

From a reading of the will it is manifest that the testatrix intended that the sister who survived her should not take any share of her estate, and that she had no preference between the sister and the brother whom she named as beneficiaries. Her intentions, if lawful, must be given effect. (*Matter of Silsby*, 229 N. Y. 396, 402.)

To hold that intestacy resulted from the death of both before that of the testatrix, would give the surviving sister one-third of the estate and contravene the wishes of the testatrix. A construction by which the estate passes under the will is preferred to one that leads to intestate succession and distribution. (*Meeks* v. *Meeks*, 161 N. Y. 66, 71.)

The word " survivor " in the above-quoted paragraph was clearly intended by the testatrix to mean the beneficiary who was living at the time of her decease, provided the other was then dead. Its position relative to the other language used in the will permits no other reasonable interpretation. The death of both, therefore, annulled the provision for substitution in the contingency which the testatrix foresaw in the preparation of her will. There being no other beneficiary substituted by the testatrix, nor any

provision made for the circumstances that did occur, the gift remained to the named beneficiaries and would lapse were it not for the statute. As they are sister and brother of the testatrix and each left a child or children who survived the testatrix, their legacies and devises do not lapse but vest in their respective children (Dec. Est. Law, § 29, as amd. by Laws of 1912, chap. 384.)

I so construe the will and hold that Maude McLean Brand, the daughter of Annie McLean, deceased, is vested with an undivided one-half interest in the decedent's estate, and that Francis Doorley and Margaret Doorley Miller, children of William Doorley, deceased, are each vested with an undivided one-quarter interest therein. Settle decree accordingly.