JAMES J. CLARK, JR. v. HENRY GROVES CONNOR, as the Executor of the Estate of SUSAN W. CLARK; W. T. CLARK, JR., and wife, NANCY C. CLARK; MARY CLARK HUSSEY CARWILE and husband, L. B. CARWILE; BESSIE CLARK HANCOCK HACKNEY and husband, GEORGE HACKNEY; ELIZABETH CLARK DAVID FLOWERS and husband, W. B. FLOWERS; W. T. CLARK, III, and wife, JOAN CLARK; INEZ WOOD; JAY CLARK; BRANCH BANKING & TRUST COMPANY; CHARLES H. HACKNEY, ELIZABETH CONNOR HACKNEY, MARY CLARK HACKNEY, G. THOMAS DAVIS, JR., DAVID CLARK DAVIS, SUSANNE CLARK FLOWERS, W. B. FLOWERS, JR., RAYMOND CLARK, and the unborn descendants of W. T. CLARK, JR., and MARY CLARK HUSSEY CARWILE; and ROBERT G. WEBB, Guardian Ad Litem of all minors and unborn descendants of W. T. CLARK, JR., and MARY CLARK HUSSEY CARWILE; and NANCY JOHNSON HACKNEY and GEORGE HACKNEY, JR.

(Filed 14 December, 1960.)

**1. Wills § 33a—**

A general devise to a person specified carries the fee unless the will discloses a manifest intent to the contrary. G.S. 31-38.

**2. Wills § 31—**

Since the words of a will must be construed according to the context and the peculiar circumstances in each case, the same words may be given different constructions under dissimilar circumstances, and therefore each will presents a more or less unique problem of construction.

**3. Same—**

The language of a will and the sense in which the language was used by the testator are primary sources of ascertaining his intent, which is the polar star in the interpretation of every will.

**4. Same—**

A will is to be construed as a whole and every clause and word given effect if possible.

**5. Same—**

Ordinary words must generally be given their usual and ordinary meaning and technical words which have a well defined legal significance will be presumed to have been used in their technical sense when the language of the will does not show a contrary intent.

**6. Wills §§ 33a, 33d— Devise held to be in fee and not to create trust for benefit of testator's children.**

A devise and bequest of all of testator's property to his wife to take, hold and do with as she deems best for the benefit of herself and the children of the marriage transmits an absolute gift to the wife and does not create a trust for the children, notwithstanding a subsequent provision of the will that in the event his wife predeceased testator the property should be divided equally among the children after taking into consideration all advancements, and a still further provision that, if his wife survived him, any advancements made to the children by the testator or the wife should be accounted for in the division among the children to effectuate the purpose that the children should share equally in his estate and their mother's estate.

HIGGINS, J., dissents.

APPEAL by both plaintiff and defendants from *Parker, Joseph W., J.,* at June 1960 Civil Term, of WILSON.

Civil action instituted by plaintiff pursuant to the Declaratory Judgment Act, G.S. 1-253, *et seq.,* for the purpose of having the Court declare the rights of the parties to the action and under the last will and testament of J. J. Clark, deceased, interchangeably referred to as James J. Clark, so that in the main it creates a trust for the benefit of his children.

James J. Clark died in 1925, survived by his widow Susan W. Clark, and three children, William T. Clark, Jr., Mary Clark Hancock, and James J. Clark, Jr., and leaving a last will and testament reading as follows: "I, J. J. Clark, of the town of Wilson, North Carolina, being of sound mind and memory, and desiring to make disposition of any property which I may own at the time of my death, do make, declare, ordain and publish this my Last Will and Testament:

"ITEM I. My executrix hereinafter named, from the first monies

coming into her hands, shall pay all my just debts. She is hereby fully authorized and empowered to expend from my estate such sum as she may deem proper in the erection of a monument.

"ITEM II: I bequeath, devise and give all of my property of every kind and character, real, personal and mixed, wheresoever the same may be situate, unto my wife, Susan W. Clark, to take, hold, have and do with as she shall deem best and proper, for the benefit of herself and our children.

"ITEM 3. If the said Susan W. Clark shall die before me, then I devise, and bequeath all of my property to my three children, William T. Clark, Junior, Mary Clark Hancock, of Winston Salem, N. C., and James J. Clark, Junior, of Wilson, share and share alike. In making the division between my children, such sums of money or property as I may have advanced unto either of them shall be charged against such child or children and accounted for. At this date, I have advanced unto my daughter, Mary Clark Hancock, of Winston Salem, N. C., the sum of $2,000.00 and unto my son, William T. Clark, Junior, of Wilson, N. C., a lot on Broad Street. Each of the said children shall account for the money advanced and any real estate which may have been advanced to any one of said children is to be accounted for and valued as is provided for the valuation of advancements by the laws of the State of North Carolina.

"ITEM 4. In the event my wife shall survive me, then in the division amongst our children, any advancements made to any of them by me as well as any advancements which she shall make unto them, shall also be accounted for. The intent and purpose of this provision is that the said children shall share equally in my estate and in their mother's estate, and such advancements as may have been made by either of us shall be accounted for as if made by that one of us who survives the other.

"Item 5. I hereby nominate and appoint my wife, Executrix of this my Last Will and Testament, with full power and authority to carry out all the terms and provisions of the same accordance to the laws of the State of North Carolina in such cases made and provided. If my wife shall predecease me and I shall not in the meantime have made another will and testament, then I name and appoint W. T. Clark Executor of this my Last Will and Testament, and Wilson Trust and Savings Bank Guardian of my youngest son, James J. Clark, Junior, in the event he shall be a minor at the date of my death. My Executor, as soon as possible, will proceed to settle my estate and divide the same among our children.

"IN TESTIMONY WHEREOF, I, J. J. Clark, the testator here-

in named have hereunto set my hand and affixed my seal, in the presence of the witnesses whose names are hereunto subscribed, this October 16, 1923.

J. J. Clark (Seal)

"Signed, sealed, published and declared by J. J. Clark, the testator herein named, as his Last Will and Testament, in our presence, and we in his presence and in the presence of each other and at his request, have hereunto signed our names as attesting witnesses hereunto.

H. G. Connor, Jr.

J. W. Shealy."

The plaintiff is the youngest son of J. J. Clark and Susan W. Clark, both of whom died, testate, he in 1925, and his will, as set out above, was duly probated. His widow, Susan W. Clark, qualified as his executrix. She administered his estate, and filed her final account on 29 September, 1926. In filing her final account as Executrix and in the handling of the property of J. J. Clark his widow apparently assumed that the will of her husband bequeathed and devised all of his property to her in fee simple. Indeed, more than 30 years have elapsed between the death of J. J. Clark and his wife.

Susan W. Clark did not remarry and she died 23 June 1959. Her will was duly probated in common form in the Superior Court of Wilson County. In her will Susan W. Clark disposed of all the real property acquired under the will of her husband except one parcel which she had theretofore sold.

Plaintiff filed this action in the Superior Court to construe the will of J. J. Clark. Specifically, he seeks by this action to have the court declare that the last will and testament of J. J. Clark created a trust, the corpus of which includes all the real property bequeathed and devised to his mother. The several adult defendants filed a joint answer and the minor defendants appeared and answered through their duly appointed gaurdian *ad litem.*

The cause came on for trial and the lower court entered judgment, the pertinent parts of which are as follows:

"The court is of the opinion that the will of J. J. Clark appointed his wife, Susan W. Clark, as Trustee of his estate for herself and their three children, to wit: James J. Clark, Jr., W. T. Clark, Jr., and Mary Clark Hancock (now Mary Clark Hussy Carwile), with requirement of equality of benefits to the children on termination of the trusts at the death of Susan W. Clark. The court is further of the opinion, however, that the will of James J. Clark did not impose upon his wife the necessity of making an election to dispose

CLARK v. CONNOR.

of her own estate equally among said children in consequence of the acceptance of the benefits provided for her in the will of her husband, particularly in the unrestricted management of his estate as Trustee.

"It is now, therefore, considered, ordered and adjudged, as follows:

"1. That the plaintiff is entitled to receive under the will of his father one-third in value of the trust estate remaining in the hands of his mother at her death, to wit: such portion of the assets of his father's estate which was not expended for the support of the widow and children of James J. Clark, enhanced by unexpended income, and increases in value of the original and reinvested assets.

"2. As Trustee, Susan W. Clark had the right to expend any income of said trust estate for the use and benefit of herself and children in such manner as she deemed best.

"3. That under said will Susan W. Clark was not put to an election and no part of her individual property became a part of said trust estate.

"4. Upon the death of Susan W. Clark, the trust estate passed under the will to his three (3) children, James J. Clark, Jr., W. T. Clark, Jr., and Mary Clark Carwile; each of said children must account for any advancements made to him or her by their father, or their mother, from the trust estate.

"5. That, except at stated above, James J. Clark, Jr., is not entitled to receive any assets of his mother's estate identifiable as the products of her individual earnings or received by her from sources other than her husband's estate.

"6. That the executor of Susan W. Clark in making settlement shall take into account advancements made to the three children by their father, or by their mother, if made from trust assets.

"7. That the cost of this action, including attorneys' fees for counsel on both sides, are in the court's discretion taxed against the trust estate; that the order fixing the amount of attorneys' fees be deferred pending disposition of the appeal to the Supreme Court, which the parties indicate they intend to perfect."

To the signing of the judgment plaintiff and defendants separately excepted and appeal to the Supreme Court, and assign error.

*Battle, Winslow, Merrell, Scott & Wiley, John Webb, W. D. P. Sharpe, Jr., for plaintiff.*

*Lucas, Rand & Rose, Gardner, Connor & Lee, Robert G. Webb for defendants.*

WINBORNE, C. J. On Defendants' Appeal. The pivotal question involved on this appeal as stated by defendants is this: "Does the Will of J. J. Clark bequeath and devise his estate to his wife absolutely and in fee simple, or does it create a trust?"

The trial court was of opinion that the will created a trust for the benefit of the widow and children, and so held. In this ruling this Court is constrained to hold that there is error. The language used manifestly vested the widow with an estate in fee to the land devised. The words "to take, hold, have and do with as she shall deem best and proper, for the benefit of herself and our children" are precatory in nature. Indeed they are an admonishment to the widow rather than of creative intent.

The focal point relates to the language of Item II as stated in the will above set forth. And in this connection G.S. 31-38 pertinently provides that "When real estate shall be devised to any person the same shall be held and construed to be a devise in fee-simple, unless such devise shall in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity." The purpose of this statute was to change the common law rule that a devise of land without words of perpetuity conveyed a life estate only unless there was a manifest intention to convey a fee. And since the statute a devise will carry the fee unless it appears from the will that the testator intended to convey an estate of less dignity. This rule has been consistently applied in this State since the statute was passed in 1784. See *Andrews v. Andrews, ante,* 143, where numerous cases are cited.

And bearing in mind the admonition laid down by Higgins, J., in *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298, that it is extremely rare to find two cases alike, little or no aid can be derived by a court in construing a will from prior decisions in other will cases. It is not sufficient that the same words in substance or even literally have been construed in other cases. It often happens that the same identical words require very different constructions according to context and the peculiar circumstances of each case.

The rule is elementary that the intention of the testator is the polar star which is to guide in the interpretation of all wills, and, when ascertained, effect will be given to it unless it violates some rule of law, or is contrary to public policy. In ascertaining this intention the language used, and the sense in which it is used by the testator, is the primary source of information, as it is the expressed intention of the testator which is sought. *Little v. Trust Co.,* 252 N.C.

229, 113 S.E. 2d 689; *Bank v. Hannah,* 252 N.C. 556, 114 S.E. 2d 273.

Isolated clauses or sentences are not to be considered by themselves, but the will is to be considered as a whole, and its different clauses and provisions examined and compared, so as to ascertain the general plan and purpose of the testator, if there be one. Ordinarily nothing is to be added to or taken from the language used, and every clause and every word must be given effect if possible. Generally, ordinary words are to be given their usual and ordinary meaning, and technical words are presumed to have been used in a technical sense. If words or phrases are used which have a well-defined legal significance, established by a line of judicial decisions, they will be presumed to have been used in that sense, in the absence of evidence of a contrary intent. If, when so considered, the intention of the testator can be discerned, that is the end of the investigation.

In the present case the devise in Item II of the will "I bequeath, devise and give all of my property of every kind and character, real, personal and mixed, wheresoever the same may be situate, unto my wife, Susan W. Clark, to take, hold, have and do with as she shall deem best and proper, for the benefit of herself and our children" is of the class of phrases above mentioned. In many cases where the courts have passed upon language identical or practically identical, it has been held that no trust is created and the widow gets a fee simple estate. The children take no interest or estate in the property given and are only mentioned to express motive for the devise to the wife. Indeed, "the wit of man has not yet discovered a safer repository than the mother for the rights and interests of children," in the language of *Keith, J.,* in *Tyack v. Berkeley,* 100 Va., 296, 40 S.E. 904.

Numerous cases pertinent to question here have been assembled in 49 A.L.R. 10; 70 A.L.R. 326 and 107 A.L.R. 896.

Furthermore it is worthy of note that the will of J. J. Clark appears to have been witnessed by H. G. Connor, Jr., then a distinguished member of the bar in this State. The language of his father, a member of this Court, writing in *St. James v. Bagley,* 138 N.C. 384, at page 395, 50 S.E. 841, is significant. It reads: "We also note that Mr. Wright, an eminent and learned member of the bar, is a witness to the deed. We may reasonably infer that he either wrote or was consulted in regard to the deed. The fact that no trust is declared is convincing proof in the light of other circumstances that none was intended."

FAIRCLOTH v. INSURANCE CO.

In the light of the statute G.S. 31-38 and decisions of this Court, looking at the will as a whole, it is clear that the testator intended his wife, Susan W. Clark, to take a fee simple estate. Hence the rulings of the trial judge in conflict herewith is error. Having so decided, it is not necessary to consider the other assignments of error brought forward on appeal by the defendants-appellants. Neither is it necessary to consider the assignments of error brought forward by the plaintiff as they were predicated on the lower court's ruling that J. J. Clark's will created a trust. The case will be remanded to the Superior Court of Wilson County for the entry of a proper judgment.

Error and remanded.

HIGGINS, J., dissents.