NORTH CAROLINA ASSOCIATION OF ABC BOARDS, GASTONIA ABC
BOARD, BESSEMER CITY ABC BOARD, JOHN ALEXANDER, SR., CITY
OF BESSEMER CITY v. JAMES B. HUNT, JR., GOVERNOR OF THE
STATE OF NORTH CAROLINA; DEPARTMENT OF CRIME CONTROL
AND PUBLIC SAFETY; HEMAN CLARK, SECRETARY OF THE DEPART-
MENT OF CRIME CONTROL AND PUBLIC SAFETY; NORTH CAROLINA
ABC COMMISSION; MARVIN L. SPEIGHT, JR., CHAIRMAN OF THE
NORTH CAROLINA ABC COMMISSION; HARLAN E. BOYLES, TREAS-
URER OF THE STATE OF NORTH CAROLINA

No. 8410SC1057

(Filed 6 August 1985)

1. **Intoxicating Liquors § 1; Taxation § 1— bailment surcharge on distilled spirits —not a tax**

    The bailment surcharge on distilled spirits imposed by § 133 of Chapter 761 of the Session Laws of the 1983 General Assembly is not a tax and is therefore not an unconstitutionally enacted or inequitable tax. The cost of liquor enforcement is a burden incident to the privilege of buying spirituous liquors in this state and placing the burden of state liquor law enforcement on the consumers of spirituous liquor is not the imposition of a pecuniary charge to provide revenue for the maintenance and expense of government; moreover, expenditure of revenue generated from the bailment surcharge to operate the ALE Division bears a direct and reasonable relationship to enforcement of alcoholic beverage control laws.

2. **Constitutional Law § 25.1; Intoxicating Liquor § 1— bailment surcharge on distilled spirits—no impairment of contract**

    The bailment surcharge on distilled spirits imposed by § 133 of Chapter 761 of the Session Laws of the 1983 General Assembly does not unconstitutionally impair the security of bonds issued to construct a new warehouse in that § 133 makes the surcharge the source of funding for the ALE Division and thereby impairs the security of the bonds. The bondholders have first priority on revenues from bailment surcharges, the surcharges can be increased if necessary, and plaintiff failed to introduce any evidence that the value of the bonds has decreased and that the contract is impaired. Art. 1, § 10, Clause 1 of the United States Constitution.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 20 June 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 9 May 1985.

Plaintiffs brought this action seeking a declaratory judgment that Section 133 of Chapter 761 of the Session Laws of the 1983 General Assembly of North Carolina was unconstitutional. In their complaint plaintiffs alleged that in July 1982 the General Assembly enacted Chapter 1285 which established a bailment sur-

N. C. Association of ABC Boards v. Hunt

charge to be imposed on each case of distilled spirits shipped from the ABC warehouse to ABC stores. The operating budget of the ABC Commission, which had previously been paid from the General Fund, would be paid from the bailment surcharge. Chapter 1285 directed the ABC Commission to set the bailment surcharge at a level sufficient to retire the bonds that were to be issued to pay for building a warehouse and to pay the ABC Commission's operating budget. The ABC Commission set the bailment surcharge at $.66 per case. On 29 December 1982 the ABC Commission sold revenue bonds in the principal amount of $5,550,000 to pay for the warehouse. Plaintiff John Alexander, Sr. is the owner of a $5,000 bond. In the 1983 General Assembly by enactment of Section 133, Chapter 761, this statute was amended to provide that the operating budget of the Alcohol Law Enforcement (ALE) Division of the Department of Crime Control and Public Safety would also be paid out of funds generated by the bailment surcharge. The surcharge was increased from $.66 to $1.70.

Plaintiffs alleged that Section 133 of Chapter 761 is unconstitutional because it imposes a tax and was not "read three several times in each house of the General Assembly and passed three several readings, which readings shall have been on three different days," as required by Article II, Section 23 of the North Carolina Constitution.

Plaintiffs also alleged that Section 133 violates Article I, Section 6 and Article II, Section 1 of the North Carolina Constitution because it delegates the power to set the bailment surcharge to the ABC Commission, and it is not subject to review by the General Assembly. Plaintiffs further alleged that Section 133 violates Article V, Section 2 of the North Carolina Constitution because it is an unjust and inequitable tax, and violates Article I, Section 10, Clause 1 of the United States Constitution in that it impairs the contract between the ABC Commission and the purchasers of bonds.

The trial judge found that plaintiffs North Carolina Association of ABC Boards, Gastonia ABC Board, and Bessemer City ABC Board had no standing and granted defendants' motion to dismiss as to those parties.

On 20 July 1984 the trial judge granted defendants' motion for summary judgment. Plaintiff John Alexander, Sr. appeals.

*Attorney General Thornburg by Special Deputy Attorneys General Isaac T. Avery, III and David S. Crump for the State.*

*Jordan, Brown, Price and Wall by John R. Jordan, Sr. and Joseph E. Wall for plaintiff-appellant.*

PARKER, Judge.

Plaintiff assigns error to the trial judge's entry of summary judgment for defendants. We note at the outset that summary judgment can be appropriate in an action for a declaratory judgment where there is no genuine issue of material fact and one of the parties is entitled to judgment as a matter of law. *Threatte v. Threatte*, 59 N.C. App. 292, 296 S.E. 2d 521 (1982). In the instant case the facts are undisputed. The only issue is whether the bailment surcharge is unconstitutional.

[1] Plaintiff argues (i) that the surcharge is a tax which is unconstitutional because it was not read "three several times" in the House, and (ii) that it is an unjust and inequitable tax. Both these arguments depend on the bailment surcharge being a tax.

Citing the definition of "tax," *i.e.*, a pecuniary charge or levy enforced by government to raise money for the maintenance and expense of government, plaintiff argues that the bailment surcharge is a tax. Plaintiff emphasizes that before enactment of Section 133, the operating budget for the ALE Division was paid from the general fund, and that the primary function of the ALE Division is enforcement of gambling and drug laws and alcoholic beverage control laws regulating unfortified wine and beer.

The State, on the other hand, relying on *North Carolina Turnpike Authority v. Pine Island, Inc.*, 265 N.C. 109, 143 S.E. 2d 319 (1965), argues that the bailment surcharge is analogous to a toll or user fee and is not a tax since the surcharge is paid by the consumers of liquor at ABC stores and the revenues go to pay the cost of liquor law enforcement. In *Turnpike*, the appellant argued that the creation of a toll road was imposing a tax on the people of the State, and the session law enacting the toll road was not enacted under the procedure for passing a law which imposes a tax. The Supreme Court disagreed, holding that a tax is levied for

the support of the government whereas a toll is compensation for the use or improvement of property. "Tolls are not taxes. A person uses a toll road at his option; if he does not use it, he pays no toll." *Id.* at 116-117, 143 S.E. 2d at 325.

We agree with the State that the surcharge is not a tax. Section 133 of Chapter 761 imposes upon liquor only the cost of regulation. Enforcement of the alcoholic beverage control laws is part of the cost of regulating liquor traffic. All local ABC boards are required to pay for liquor law enforcement out of the profits of the local ABC system. G.S. 18B-805. To place the burden of State liquor law enforcement on the consumers of spirituous liquor is not the imposition of a pecuniary charge to provide revenue for the maintenance and expense of government. Just as the cost of building and maintaining a toll road is a burden incident to the privilege of using a toll road, the cost of liquor enforcement is a burden incident to the privilege of buying spirituous liquors in this State. A person purchases spirituous liquors at his option; if he does not purchase it, he does not pay the bailment surcharge. *See Turnpike, supra.*

While ALE agents have broader territorial jurisdiction and are also concerned with policing wine and beer violations, their enforcement functions supplement that of the local ABC officers. Not infrequently violations of drug and gambling laws occur where spirituous liquor and fortified wine are consumed; ALE agents also serve and execute notices, orders and demands relating to spirituous liquor and fortified wine issued by the ABC Commission. By statute, the primary responsibility of both an ABC officer and an ALE agent is the enforcement of the ABC laws and Article 5 of Chapter 90 (The Controlled Substance Act). G.S. 18B-500(b) and G.S. 18B-501(b).

Expenditure of revenues generated from the bailment surcharge to operate the ALE Division bears a direct and reasonable relationship to enforcement of alcoholic beverage control laws. The need for this law enforcement arises out of the sale and distribution of alcoholic beverages, including distilled liquors and fortified wine. The funds do not go to the general maintenance and expense of government. For these reasons the bailment surcharge is, in our view, not a tax, and the authorizing statute, Section 133, Chapter 761, is not unconstitutional on account of the

manner in which it was enacted. Additionally, as it is not a tax, the bailment surcharge is not unconstitutional as an inequitable tax.

[2]    Plaintiff argues that the statute is unconstitutional because it violates the contract clause of the United States Constitution. Article I, Section 10, Clause 1 of the Constitution provides as follows:

> No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver coin a tender in payment of debts, pass any bill of attainder, ex post facto law, or law impairing the obligations of contracts, or grant any title of nobility.

Plaintiff argues that originally the ABC Commission covenanted to utilize the bailment surcharge only to pay off the bonds issued to construct a new warehouse. Section 133, however, makes the surcharge the source of funding for the ALE Division and thereby unconstitutionally impairs the security of the bonds. Plaintiff relies on *United States Trust Co. of New York v. New Jersey,* 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed. 2d 92, *rehearing denied,* 431 U.S. 975, 97 S.Ct. 2942, 53 L.Ed. 2d 1073 (1977), to support this proposition. In *United States Trust,* New York and New Jersey had agreed, in 1962, that as long as bonds issued by the Port Authority were outstanding, neither the states nor the Port Authority would pledge Port Authority revenues or reserves for subsidizing rail passenger transportation. In 1974 the 1962 covenant was repealed. The appellant claimed, and the trial court found, that after the covenant was repealed the market price for the Port Authority bonds dropped. The Supreme Court noted that no one could be sure precisely how much financial loss the bondholders suffered because other factors may have influenced the price, and the market may not have fully reacted because of the pending litigation. The Supreme Court held that the covenant had limited the Port Authority's deficits and protected the bondholders; when the covenant was repealed an important security provision had been eliminated and the obligation of the State's contract had been impaired.

In the instant case, plaintiff contends that by funding the ALE Division from the bailment surcharge revenues there will be

less potential revenue for the bondholders. The bondholders, however, have first priority on revenues from bailment surcharges, and the surcharges can be increased if necessary. Plaintiff has failed to introduce any evidence that the value of the bonds has decreased and that the contract is impaired.

In conclusion, we find that the bailment surcharge is not a tax, and that the plaintiff's contract is not impaired. Summary judgment for defendant is

Affirmed.

Judges ARNOLD and MARTIN concur.