WILLIAM EDMOND EARLY, JR. v. J. MELVIN BOWEN, Administrator CTA of the Estate of John T. Daniel, Jr.; VICKI DANIEL SIMPSON and HUSBAND FRANK SIMPSON; ROGER DANIEL and wife MARY ANNA DANIEL; DARRELL DANIEL and wife VICKI DANIEL; KENNETH DANIEL and wife DEBBIE M. DANIEL; and WILLIE JOHN DANIEL and wife DEBBIE M. DANIEL

No. 932SC740

(Filed 6 September 1994)

## Wills § 164 (NCI4th)— anti-lapse statute—"or to the survivor"—statute applicable

The trial court incorrectly granted summary judgment for defendants Daniel in a declaratory judgment action to construe a will where John Daniel left all of his real and personal property to his brothers, "or to the survivor"; both brothers predeceased him, leaving children (the defendants Daniel from one brother and defendant Vicki Simpson from the other); John Daniel also had two sisters, to whom he left nothing, and both of whom also predeceased him; one of the sisters left a child, plaintiff Early; plaintiff contended that he was entitled to a one-sixth share by intestate succession; defendants Daniel contended that they were entitled to the entire estate; defendant Simpson contended that she was entitled to one-half the estate with the defendants Daniel taking the other half; and the court awarded the defendants Daniel the entire estate. Although plaintiff Early contends that the bequests to the brothers lapsed because they predeceased the testator and that the language "or to the survivor" indicates an intent contrary to the anti-lapse statute, so that the estate would pass by intestacy, the inclusion of that language indicates merely that the testator did not contemplate that both of his brothers would predecease him. And, although the defendants Daniel contend that the language demonstrates the testator's intent to benefit the last surviving brother and that the entire estate go to his issue, the language merely provides for an alternative disposition in the event that either brother were to predecease the testator, not if both predeceased him. The contention of the defendants Daniel would be an impermissible rewriting of the will and ignores the requirement that the survivors must be determined as of the date of the maker's death. The judgment of the trial court was reversed and remanded for entry of judgment awarding one-half to defendant Simpson and one half to defendant Daniel. N.C.G.S. § 31-42.

**Am Jur 2d, Wills §§ 1671 et seq.**

## EARLY v. BOWEN

[116 N.C. App. 206 (1994)]

Appeal by plaintiff and defendants Simpson from order entered 7 June 1993 by Judge Quentin T. Sumner in Martin County Superior Court. Heard in the Court of Appeals 13 April 1994.

Plaintiff brought this declaratory judgment action seeking construction of two provisions of the will of John T. Daniel, Jr., ("Testator") in order to determine the respective interests of the parties to his estate. Testator died on 8 February 1992. His will, dated 31 August 1942, provides:

### ITEM THREE

I bequeath to my two brothers, Wheeler V. Daniel and Harry E. Daniel, any and all personal property which I may own at the time of my death to be shared equally between them, or to the survivor.

### ITEM FOUR

I devise to my brothers, Wheeler V. Daniel and Harry E. Daniel, any and all real estate of which I may stand seized at the date of my death to be shared equally between them, or to the survivor, in fee simple.

Testator was never married, had no children, and both of his parents predeceased him. He had four siblings: Mary B. Early, Virginia D. Casper, Harry E. Daniel, and Wheeler V. Daniel, all of whom also predeceased him. However, Testator was survived by several nieces and nephews: Vicki Daniel Simpson (hereinafter "defendant Simpson"), the child of his brother Harry Daniel; William Edmond Early, Jr., (hereinafter "plaintiff"), the son of his sister Mary Early; and the four children of his brother Wheeler Daniel (hereinafter "defendants Daniel").

Plaintiff brought this action for declaratory judgment contending that he is entitled to a one-sixth intestate share of Testator's estate. Defendants Daniel contended in their amended answer that they are entitled to the entire estate. Defendant Simpson contended that she is entitled to one-half of the estate, that defendants Daniel are entitled to one-half of the estate, and that plaintiff is not entitled to share in the estate in any respect. The trial court entered summary judgment in favor of defendants Daniel and awarded them Testator's entire estate. Both plaintiff and defendants Simpson appealed.

*Daniel A. Manning for plaintiff-appellant.*

*Wilson & Waller, P.A., by Betty S. Waller and Thomas J. Wilson, for defendant-appellants Simpson.*

*Brady, Schilawski, Earls and Ingram, by John Randolph Ingram, II, for defendant-appellees.*

MARTIN, Judge.

Summary judgment is appropriate in a declaratory judgment action where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. *N.C. Association of ABC Boards v. Hunt,* 76 N.C. App. 290, 332 S.E.2d 693, *disc. review denied,* 314 N.C. 667, 336 S.E.2d 400 (1985). There are no disputes as to the facts of this case; only questions of law are presented. Those questions involve the applicability of G.S. § 31-42(a), North Carolina's anti-lapse statute, to Items Three and Four of Testator's Will and the resulting distribution of his estate.

Plaintiff contends that because neither Wheeler Daniel nor Harry Daniel survived Testator, the bequests to them lapsed and were void, leaving the entire estate to pass by intestacy. He argues that the anti-lapse statute does not apply because the Testator indicated a contrary intent by including the provision "or to the survivor" in the bequests. Defendants contend that G.S. § 31-42(a) does apply to the bequests to Harry and Wheeler to prevent the property from passing by intestacy. They disagree, however, with respect to the manner in which the estate should be distributed. We agree with defendants that G.S. § 31-42(a) is applicable here. However, we further agree with defendants Simpson that proper application of the statute results in a distribution of the estate contrary to that ordered by the trial court. Accordingly, we reverse summary judgment in favor of defendants Daniel and remand for entry of judgment awarding one-half of Testator's estate to defendants Simpson and the remaining one-half of the estate to defendants Daniel.

Whenever the meaning of a will or a part thereof is in controversy, the courts may construe the provision in question and declare its meaning. *Mitchell v. Lowery,* 90 N.C. App. 177, 368 S.E.2d 7, *disc. review denied,* 323 N.C. 365, 373 S.E.2d 547 (1988). It is a long-standing policy of the State of North Carolina to construe a will with the presumption that the testator did not intend to die intestate with respect to any of his property. *Misenheimer v. Misenheimer,* 312 N.C.

692, 325 S.E.2d 195, *reh'g denied*, 313 N.C. 515, 334 S.E.2d 778 (1985). It is also presumed that a will is executed in contemplation of applicable statutes. *Id.*

The primary object in interpreting a will is to give effect to the intention of the testator insofar as that intent does not conflict with the law or with public policy. *Id.; Mitchell, supra.* In ascertaining this intention, the language used and the sense in which it is used by the testator is the primary source of information, as it is the expressed intention of the testator which is sought. *Wing v. Trust Co.*, 301 N.C. 456, 272 S.E.2d 90 (1980). The will is to be considered as a whole to ascertain the general plan and purpose of the testator, *Clark v. Connor*, 253 N.C. 515, 117 S.E.2d 465 (1960), and in determining the intent of the testator, greater regard must be given to the dominant purpose of the testator than to the use of any particular words. *Little v. Trust Co.*, 252 N.C. 229, 113 S.E.2d 689 (1960). Generally, ordinary words are to be given their usual and ordinary meaning. *Clark, supra.* It is not sufficient that the same words in substance or even literally have been construed in other cases, as the same identical words often require very different constructions according to context and the peculiar circumstances of each case. *Id.*

A will takes effect and speaks as of the date of the testator's death. *Trust Co. v. McKee*, 260 N.C. 416, 132 S.E.2d 762 (1963). However, in ascertaining a testator's intent the will must be considered in the light of the conditions and circumstances existing at the time it was made. *Trust Co. v. Green*, 239 N.C. 612, 80 S.E.2d 771 (1954). Additionally, as to the identity of the devisee, a will is to be construed, nothing else appearing, in the light of circumstances known to the testator at the time of its actual execution. *Peele v. Finch*, 284 N.C. 375, 200 S.E.2d 635 (1973).

G.S. § 31-42, commonly known as the anti-lapse statute, provides in pertinent part:

> (a) Unless a contrary intent is indicated by the will, where a devise or legacy of any interest in property is given to a person as an individual or as a member of a class and the person dies survived by qualified issue before the testator dies, then the qualified issue of such deceased person that survive the testator shall represent the deceased person, and the entire interest that the deceased person would have taken had he survived the testator shall pass by substitution to his qualified issue . . . .

(b) The term "qualified issue" as used in subsection (a) means issue of the deceased person who would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will.

(c) If subsection (a) is not applicable and if a contrary intent is not indicated by the will:

(1) Where a devise or legacy of any interest in property is void, is revoked, or lapses or which for any other reason fails to take effect, such a devise or legacy shall pass:

a. Under the residuary clause . . . or

b. As if the testator had died intestate with respect thereto when there is no such applicable residuary clause . . . .

Under the applicable provisions of the Intestate Succession act, if the intestate is not survived by children, lineal descendants, parents, or brothers and sisters, the estate should be divided equally between the number of surviving nieces and nephews. N.C. Gen. Stat. §§ 29-15 and 29-16.

An antilapse statute should be liberally interpreted "with a view to attainment of its beneficent objective." *In re Estate of Kerr*, 433 F.2d 479, 483 (1970). The use of the words "or survivors" signifies a clear intent that the survivors shall be determined as of the date of the testator's death "for the reason that no preceding estate is given and no other time is fixed for vesting the estate." *Hummell v. Hummell*, 241 N.C. 254, 255, 85 S.E.2d 144, 145 (1954). The court can only construe wills and is not allowed to make them for testators. *Id.* A testator who desires to prevent lapse must express such intent or provide for substitution of another devisee in language sufficiently clear to indicate what person or persons testator intended to substitute for the legatee dying in his lifetime; otherwise the anti-lapse statute applies. *In re Will of Hubner*, 106 N.C. App. 204, 416 S.E.2d 401, *disc. review denied*, 332 N.C. 148, 419 S.E.2d 572 (1992).

With these basic principals in mind, we review the disputed portions of the will in the present case. Because in this case both Harry Daniel and Wheeler Daniel left qualified issue to whom Testator's estate would pass pursuant to G.S. § 31-42, the critical determination is whether a contrary intent is indicated by the will. Our research has found no other North Carolina case construing a survivorship provision in a will where all of the beneficiaries predeceased the testator.

Thus, we have reviewed decisions in similar cases decided by courts in other jurisdictions.

In *In re Estate of Ulrikson*, 290 N.W.2d 757 (Minn. 1980), the testatrix left her residuary estate to her brother and sister, "share and share alike, and in the event that either one of them shall predecease me, then to the other surviving brother or sister." *Id.* at 759. Both testatrix's brother and sister predeceased her and the court held that the Minnesota anti-lapse statute applied to pass the estate in equal shares to the issue of testatrix's brother (her sister died without issue). In rejecting the argument that the testatrix intended to establish an absolute condition of survivorship the court held:

> It is far more likely, however, as respondents contend, that Bellida Ulrikson simply did not contemplate that both her younger brother and sister would predecease her. The residuary clause in fact contains no instructions for the circumstances which occurred. In this case, we hold the words of survivorship to be effective only if there are survivors. Since there are no survivors . . . the anti-lapse statute is free to operate.

*Ulrikson*, 290 N.W.2d at 759.

Similarly, in *In re Doorley's Will*, 137 Misc. 663, 664, 244 N.Y.S. 262, 263 (1930), a New York court was asked to construe the following provision in a will, "I give, devise and bequeath all my estate, both real and personal, to my sister . . . and my brother . . . share and share alike, and should either be not living at the time of my decease then I give the share of the one so dying to the survivor." The testatrix survived both beneficiaries. Her sister left one child and her brother left two. Also, another sister survived the testatrix, but was not mentioned in the will. The court held that:

> From a reading of the will, it is manifest that the testatrix intended that the sister who survived her should not take any share of her estate, and that she had no preference between the sister and the brother whom she named as beneficiaries. . . . To hold that intestacy resulted . . . would give the surviving sister one-third of the estate and contravene the wishes of the testatrix . . . . The word 'survivor' . . . was clearly intended by the testatrix to mean the beneficiary who was living at the time of her decease, provided the other was then dead. Its position relative to the other language used in the will permits no other reasonable interpretation. The death of both therefore annulled the provision for

substitution in the contingency which the testatrix foresaw in the preparation of her will. There being no other beneficiary substituted by the testatrix, nor any provision made for the circumstances that did occur, the gift remained to the named beneficiaries and would lapse were it not for the statute. . . . [T]heir legacies and devises do not lapse but vest in their respective children.

*Id.* at 664-5, 244 N.Y.S. at 263-4.

In *Galloupe v. Blake*, 248 Mass. 196, 197, 142 N.E. 818, 819 (1924), the Massachusetts Supreme Court was asked to construe a will leaving $5,000 dollars "[t]o my [two] cousins . . . in equal shares . . . or the survivor of them." Both beneficiaries predeceased the testator but both left children. In examining whether the children of the cousin who died last, thereby surviving the other cousin, should take the entire amount of the bequest, or whether it was to be distributed among the children of each of the named legatees, the court held that:

It is plain that it was the intention of the testator that . . . both legatees, if living at her decease, should divide the $5,000; but as one might predecease her, she provided in that contingency that the survivor should take the whole amount. . . . [T]here is nothing to indicate that, in the event of the death of both of these named legatees before the death of the testatrix, she intended to distinguish in the survivorship provision between the children of these legatees, or to give a preference to the children of either. She must have known that both legatees named might predecease her, and that each might leave children. . . . We are of opinion that it was her intention that, in the event of the death of both of these cousins before her decease, the children of each should take one half the entire amount.

*Id.* at 198-99, 142 N.E. at 819-20.

Finally, in *In the Matter of the Estate of Burns*, 78 S.D. 223, 227, 100 N.W.2d 399, 401-2 (1960), the testatrix left the residue of her property to her three sisters "share and share alike; and in case of the death of any said persons, that said rest and residue shall be divided equally between the survivors of said persons." All three sisters predeceased the testatrix but only one left lineal descendants. In applying the anti-lapse statute to award the entire estate to the lineal descendants of the one sister, the court noted that the statute is not applicable if it appears that at the time he executed the will, testator

**EARLY v. BOWEN**

[116 N.C. App. 206 (1994)]

intended to substitute another in place of the deceased devisee or if he used words indicating an intention that the named beneficiary shall take only if he outlives the testator. *Id.* However, "[t]he intent that the gift is effective only if the recipient outlives the testators, must also be clear before the statute is ousted, and if this is doubtful, it too must be resolved in favor of the operation of the statute." *Id.* at 229, 100 N.W.2d at 403. The *Burns* Court recognized the division of authority as to whether a gift to two or more beneficiaries or the survivor of them shows an intent to exclude operation of the anti-lapse statute if all beneficiaries predecease the testator, and under the circumstances adopted the position that:

> [T]he survivorship requirement is applicable only in the case where one survives; that the testator did not contemplate or provide for the case where neither survives, and that accordingly the statute is left to operate . . . . Since on this view the provision about survivorship virtually becomes nugatory in the event that has happened, it should make no difference which of the legatees died first.

*Id.* at 230, 100 N.W.2d at 403.

Plaintiff argues that the words of survivorship contained in the disputed portions of Testator's will indicate a contrary intent to the application of G.S. § 31-42(a) such that the estate must pass by intestacy. Plaintiff contends that the will demonstrates Testator's intent to benefit his brothers while they lived and that he was not thinking of his brothers' lineage to the exclusion of his other heirs. We disagree. In our view, and we so hold, Testator's inclusion of the language "or to the survivor" in the bequests to his brothers indicates merely that at the time he prepared his will, Testator did not contemplate that both of his brothers would predecease him. We find no clear intent on Testator's part that either brother outlive him in order for his gift to be effective. We must presume that Testator executed his will in contemplation of the statute and that he did not intend to die intestate with respect to any of his property. *See Misenheimer, supra; Betts v. Parrish,* 312 N.C. 47, 320 S.E.2d 662 (1984) (where will subject to two interpretations, the one favoring complete testacy should prevail). Had he intended the anti-lapse statute not to apply, he could have very easily shown such contrary intent, and it is not for this Court to do that for him. *See Burns, supra.*

Defendants Daniel agree with defendants Simpson that the "survivor" language in Testator's will does not indicate an intent by Testator that G.S. § 31-42 not apply to the bequests, so that the statute operates to prevent the property from passing by intestacy. However, defendants Daniel contend that such language refers to survival *inter esse* between brothers Wheeler and Harry, as opposed to survival of the Testator. Thus, they argue that the "survivor" language demonstrates Testator's intent to benefit the last surviving brother and requires that the entire estate accordingly go to the issue of Wheeler Daniel. They say that the fact that Testator did not change his will subsequent to the death of Harry, who died after Wheeler, supports this expression of intent. We disagree.

Had either Wheeler Daniel or Harry Daniel outlived Testator, the anti-lapse statute would clearly not be applicable and the surviving brother would have received the entire estate. *See Hummell, supra.* The survivorship language merely provides for an alternative disposition in the event that **either** Wheeler Daniel or Harry Daniel were to predecease Testator, not if both predeceased him. Clearly it was Testator's intention, at the time his will was written, that his estate go to his brothers equally and that if one predeceased Testator, he provided in the contingency that the survivor should take the entire estate. The language does not indicate, in the event of the death of both brothers before the death of the Testator, an intent by Testator to distinguish between the children of the brothers, or to give a preference to the children of either.

To conclude from the language of Items Three and Four of Testator's will that his intent was to favor the children of the brother who lived longest over the children of the brother who died first is, in our view, an impermissible rewriting of the will rather than a construction of what is contained within the four corners of the document. *See Hummell, supra.* It also ignores the requirements that the survivors must be determined as of the date of the maker's death, *Id.,* and that the testator's intention and the identity of devisees must be determined at the time the will was made. *Trust Co. v. Green, supra; Peele v. Finch, supra.* The only clear intent expressed by Testator's devise is that his sisters not take any share of his estate and that he had no preference between the brothers whom he named as beneficiaries.

At Testator's death, the time at which the will speaks and the survivors are determined, neither brother was living, and thus, but for the provisions of the anti-lapse statute, their gifts lapsed. *See Betts,*

*supra; Hummell, supra.* Because Testator did not express an intent in his will to negate the application of the statute, G.S. § 31-42(a) applies to prevent such a lapse and results in a distribution of half of Testator's estate to the defendants Simpson and the other half to defendants Daniel.

Accordingly the judgment of the trial court is reversed and this case is remanded for entry of judgment awarding one-half of Testator's estate to defendants Simpson and one-half of Testator's estate to defendants Daniel.

Reversed and Remanded.

Judges COZORT and ORR concur.