**HOWELL v. SYKES**

[136 N.C. App. 407 (2000)]

━━━━━━━━━

SUSAN POPE HOWELL; AND BRANCH FUNERAL HOMES, INC., PLAINTIFF-APPELLANTS v. FARIS SYKES; AND WATSON N. SHERROD, JR., EXECUTOR OF THE ESTATE OF SUSAN H. BRANCH, DEFENDANT-APPELLEES

No. COA98-1465

(Filed 18 January 2000)

**Wills— stock—charge upon shares—continuing payment for life—intent of testatrix**

In order to give effect to testatrix's intent, the trial court did not err in granting summary judgment in favor of defendant Sykes and declaring that the language of article three of testatrix's will imposes a charge upon any shares of stock of plaintiff Branch Funeral Homes taken by plaintiff Howell thereunder for continuing payment to defendant Sykes for the remainder of his natural life of the amount of the annual salary he was receiving from plaintiff Branch Funeral Homes and of the amount of life insurance premiums upon his life, because testatrix made her bequest of stock to plaintiff Howell "subject to" her oral agreement with defendant Sykes.

Appeal by plaintiffs from judgment entered 18 September 1998 by Judge Quentin T. Sumner in Halifax County Superior Court. Heard in the Court of Appeals 14 September 1999.

*Nicholls & Crampton, P.A., by W. Sidney Aldridge, for plaintiff-appellant Branch Funeral Homes, Inc.*

*Kilpatrick Stockton, by Carl W. Hibbert, for plaintiff-appellant, Susan Howell.*

*Poyner & Spruill, L.L.P., by Charles T. Lane and Gregory S. Camp, for defendant-appellee Faris Sykes.*

MARTIN, Judge.

Susan H. Branch died on 30 September 1995, leaving a will which was admitted to probate in Halifax County, North Carolina. Watson N. Sherrod, Jr., qualified as executor under the will. At the time of her death, Mrs. Branch was the owner of all of the outstanding shares of stock of Branch Funeral Homes, Inc., (BFHI), a corporation which operated funeral homes in Enfield, Roanoke Rapids and Scotland Neck. On 30 September 1995, Faris Sykes, Jr., was employed by BFHI as manager of funeral home operations.

The primary beneficiaries of Mrs. Branch's will were her nieces, Susan Pope Howell and Dayne Carlton Howell. Mrs. Branch devised several parcels of real estate used by BFHI, as well as several other parcels of real estate, to Susan Howell; she devised a farm and several houses, apartments and lots to Dayne Carlton Howell. In Article Three of her will, Mrs. Branch provided:

> I hereby will, give, bequeath and devise to my niece, Susan Pope Howell, all shares of stock in Branch Funeral Homes, Inc., subject to the oral agreement made by me with Faris Sykes, Jr., as follows: That the said Branch Funeral Homes, Inc. shall pay unto Faris Sykes, Jr., for the remainder of his natural life, the amount of annual salary he is currently receiving at the time of my death, and the amount of life insurance premiums upon his life which are currently being paid at the time of my death. This devise in this Article is subject to compliance with the aforesaid agreement.

By Article Nine of the will, Mrs. Branch bequeathed Dayne Carlton Howell stock and securities in Sprint United Telephone and Telegraph Company in an amount equal to $650,000 in value, and, in Article Ten, directed that the remainder, if any, of her Sprint United Telephone stock be given to the two nieces in equal shares. After making other specific devises and bequests to family members, friends, employees, and her church, Mrs. Branch provided, in Article Sixteen, that her

**HOWELL v. SYKES**

[136 N.C. App. 407 (2000)]

residuary estate be divided equally between Susan Howell and Dayne Carlton Howell.

Susan Howell and BFHI brought this action seeking a declaratory judgment pursuant to G.S. § 1-253 *et seq.* determining their rights under Article Three of the will. Plaintiffs contended the language making the bequest subject to the requirement that BFHI pay a salary and benefits to Faris Sykes, Jr., is unenforceable and void, and that Susan Howell should receive the stock of BFHI free of any charge, encumbrance or condition. Defendants answered, joining in the prayer for a declaratory judgment; defendant Sykes contended the language of Article Three created a legacy in his favor and a charge upon the shares of stock bequeathed to Susan Howell.

The trial court granted summary judgment in favor of defendant Sykes, declaring that the language of Article Three:

imposes a charge upon any shares of stock of Plaintiff Branch Funeral Homes, Inc. taken by Plaintiff Susan Pope Howell thereunder for the continuing payment to Defendant Faris Sykes, for the remainder of his natural life, of the amount of the annual salary he was receiving from [Plaintiff] Branch Funeral Homes, Inc. at the time of the death of Susan H. Branch on September 30, 1995, and of the amount of life insurance premiums upon his life which were being paid at the time of the death of Susan H. Branch on September 30, 1995.

Plaintiffs appealed.

---

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). There are no disputed issues of material fact in this case, plaintiffs' assignments of error to the entry of summary judgment in favor of defendant Sykes are based upon issues of law, rather than the existence of any genuine issues of material fact. Thus, this case is an appropriate one for application of Rule 56. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971) (summary judgment rule applicable where controversy involves only a question of law arising on undisputed facts); *Early v. Bowen*, 116 N.C. App. 206, 447 S.E.2d 167 (1994), *disc. review denied*, 339 N.C. 611, 454 S.E.2d 249 (1995) (summary judgment is appropriate in a declaratory judgment action

where no facts are in dispute and a party is entitled to judgment as a matter of law).

In interpreting the will provision at issue in this case, as in construing any will, the primary duty of the court is to determine the intent of the testatrix and to give effect to that intent if it is not in contravention of established law or public policy. *Joyner v. Duncan*, 299 N.C. 565, 264 S.E.2d 76 (1980); *Early v. Bowen, supra.* The intent of the testatrix is determined from a consideration of the entire instrument, *id.;* and the court should search for a meaning which would uphold the will in its entirety, rather than one which would nullify any part of the will or bequest, if such a meaning is consistent with the law and the intent of the testatrix. *Johnson v. Salsbury*, 232 N.C. 432, 61 S.E.2d 327 (1950). Where a devise or bequest would be invalid or unlawful under one construction, but would be valid under a different interpretation, the latter must prevail because it is presumed the testatrix intended a valid disposition of her property. *Poindexter v. Wachovia Bank & Trust Co.*, 258 N.C. 371, 128 S.E.2d 867 (1963).

A consideration of Mrs. Branch's will in its entirety clearly reveals her intent in providing for the disposition of her estate. The primary objects of her bounty were her two nieces, Susan Howell and Dayne Carlton Howell, and she intended to provide for them on essentially equal terms. In addition, she made provisions for other relatives, friends, her church, for her personal employees, and for those employees of BFHI who had been so employed for more than 180 days at the time of her death. Consistent with these provisions, it is obvious that by the language contained in Article Three of her will, Mrs. Branch intended to provide support for defendant Sykes for the remainder of his life and to fasten such support to the bequest of stock in BFHI to plaintiff Howell. Thus, the issue for decision is whether Mrs. Branch's intent, as clearly expressed in Article III, may be given effect without contravening law or public policy.

Plaintiffs vigorously argue the condition placed upon the bequest of BFHI stock is unlawful and violates public policy because it requires BFHI to pay Sykes, even though he is no longer employed, and the corporation receives no benefit in return for the payment. Citing well-established statutory and decisional law, plaintiffs contend that to satisfy the condition, Susan Howell, as the sole shareholder and presumably a director of BFHI, must vote to cause the corporation to make the payments to Sykes and, in so doing, violate her fiduciary duty as a director to act in the best interests of the corporation and its creditors. *See* N.C. Gen. Stat. § 55-8-30 (General

Standards for Directors); *Underwood v. Stafford*, 270 N.C. 700, 155 S.E.2d 211 (1967); *McIver v. Young Hardware Co.*, 144 N.C. 478, 57 S.E. 169 (1907); *Meiselman v. Meiselman*, 58 N.C. App. 758, 295 S.E.2d 249 (1982), *modified and affirmed*, 309 N.C. 279, 307 S.E.2d 551 (1983) (directors occupy fiduciary relation in respect to shareholders and creditors).

Plaintiffs also argue that the condition of payment to Sykes is not a valid condition subsequent, a breach of which would defeat the devise, (1) because it does not contain a clear and unambiguous expression of termination of the devise upon a breach of the condition, *see Station Associates, Inc. v. Dare County*, 350 N.C. 367, 513 S.E.2d 789, *reh'g denied*, 350 N.C. 600, —— S.E.2d —— (1999), and (2) because the condition is contrary to law and public policy for the reasons previously argued. Conditions subsequent are not favored and are strictly construed; there must be clear and unambiguous indication of intent of forfeiture of the estate granted upon a breach of the condition. *See Lassiter v. Jones*, 215 N.C. 298, 1 S.E.2d 845 (1939); *Hall v. Quinn*, 190 N.C. 326, 130 S.E. 18 (1925). We need not decide whether the language used by Mrs. Branch was sufficient to create a valid condition subsequent, however, because the trial court did not interpret Article Three as such and made no order that the bequest of stock to Susan Howell would be forfeited in the event she failed to make the required payments to Sykes.

Plaintiffs' arguments with respect to a potential conflict between the duties owed by Susan Howell and other directors to BHFI and its creditors, and the obligation to cause the corporation to make payments to Sykes in accordance with Article Three, would have merit had the trial court interpreted Article Three to require that BFHI provide lifetime support and benefits to Sykes, as such an interpretation would have placed an impermissible restraint upon BFHI's directors and would be arguably *ultra vires*. *See Moore v. Keystone Macaroni Mfg. Co.*, 370 Pa. 172, 87 A.2d 295 (1952). (corporation's voluntary payments for past services to former employee, which it had no legal duty to pay, were *ultra vires* and illegal). However, in this case, the trial court imposed no such duty upon BFHI and, following the rule that a court should search for a meaning which would give effect to, rather than nullify, the intent of the testator, construed Article Three as "impos[ing] a charge" upon the shares bequeathed to Susan Howell for the payments to Sykes.

"The question of a charge usually arises where the testator devises property to one who, under the terms of the will, is directed

to make payments to, or to support, another." Wiggins, *Wills and Administration of Estates in North Carolina,* (2d Ed.) § 142. "A provision in a will that a devisee shall support a named person is perfectly reasonable and consistent with the policy of the law, and is constantly upheld." *Moore v. Tilley,* 15 N.C. App. 378, 381, 190 S.E.2d 243, 246, *cert. denied,* 282 N.C. 153, 191 S.E.2d 758 (1972). In most cases, such provisions for support are construed as constituting an equitable charge upon the property with the property standing as security for the support provision. *Id.* We believe such a construction is particularly apt where there is no clear provision for forfeiture in the event of noncompliance.

In ascertaining the testatrix's intent, it is permissible for the trial court to supply, or even reject, words or phrases used in the will in order to effectuate that intent. *Entwistle v. Covington,* 250 N.C. 315, 108 S.E.2d 603 (1959); *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E.2d 777, *reh'g denied,* 234 N.C. 747, 67 S.E.2d 463 (1951). "In performing the office of construction, the Court may reject, supply or transpose words and phrases in order to ascertain the correct meaning and to prevent the real intention of the testator from being rendered aborted by his inept use of language." *Sutton v. Quinerly,* 231 N.C. 669, 679, 58 S.E.2d 709, 715-16 (1950) (quoting *Gordon v. Ehringhaus,* 190 N.C. 147, 150, 129 S.E. 187, 189 (1925)). In Article Three of her will, Mrs. Branch recited that she had made an oral agreement with Sykes that BFHI would pay his salary and insurance premium, and that her devise of the corporation's stock was subject to compliance with that agreement. As the sole shareholder of BFHI, it is apparent that Mrs. Branch considered herself and the corporation to be the same, and that the corporation's obligation of support for Sykes as agreed to by her was her obligation as well. She made her bequest of stock to Susan Howell "subject to" her agreement, clearly indicating her intent that the stock stand as security for the obligation. In order to give effect to her clear intent, it was appropriate for the trial court to construe the language as imposing upon Susan Howell, as sole shareholder of BFHI as a result of the bequest, the same obligation of support as Mrs. Branch had imposed upon herself. Thus, the provision is properly construed as a charge upon the shares taken by Susan Howell to make the required payments, and Sykes would be entitled to enforce his rights to such payments against the shares in the event of nonpayment.

The judgment of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge LEWIS concur.