EVA FORESTER v. ZELLA FREEMAN MARLER, ADMINISTRATRIX, C.T.A., OF THE ESTATE OF ELMER FREEMAN, DECEASED; ZELLA FREE-MAN MARLER, INDIVIDUALLY; RUBY RICE FREEMAN; LINDA GAIL MARLER; LISA DALE MARLER; THE UNKNOWN HEIRS OF ELMER R. FREEMAN AND ALL UNBORN PERSONS RELATED TO ELMER R. FREEMAN, AND THE UNKNOWN HEIRS OF JACK FREEMAN, AND ALL UNBORN PERSONS RELATED TO JACK FREEMAN

No. 7624SC242

(Filed 6 October 1976)

1. Wills § 66— lapse of legacy or devise — property passes as if testator died intestate — intent of testator appearing in will

Where testator devised and bequeathed all of his property to his brother "absolutely and in fee simple forever," but the brother pre-deceased testator, the trial court properly directed distribution of the entire estate to testator's surviving parent, since G.S. 31-42(c) pro-vides that where a legacy or devise lapses, it shall pass under the applicable residuary clause or, if there be none, then as if testator had died intestate with respect thereto, unless a contrary intent appears in the will, and no such intent appeared in testator's will.

2. Wills § 28— intent of testator — determination from will itself

In a declaratory judgment action brought by testator's mother to determine the proper disposition of testator's estate where the evidence tended to show that testator devised and bequeathed all of his property to his brother but the brother predeceased testator, evidence concerning the extent of the testator's association and affection for his brother's family as compared with his association and feelings toward his mother was not relevant, as the intention of the testator must be determined from the will itself; and where the language of the will is not ambiguous, no evidence outside the instrument is com-petent in determining the intent of the testator.

3. Wills § 66— lapse of legacy or devise to brother — no substitution of brother's issue

Where testator devised and bequeathed his entire estate to his brother but the brother predeceased him, the provisions of G.S. 31-42(a) did not apply so as to pass to the issue of the brother by substitution the devise made to him under testator's will, since the brother's issue would not have been heirs of the testator under the provisions of the Intestate Succession Act had there been no will.

APPEAL by respondents from *Baley, Judge*. Judgment en-tered 16 December 1975 in Superior Court, MADISON County. Heard in the Court of Appeals 15 June 1976.

This is an action for a declaratory judgment to determine the proper disposition of the estate of Elmer R. Freeman, de-ceased, who died 9 April 1974 leaving a will, dated 20 June

1959, which was duly admitted to probate in Madison County on 22 April 1974. Item Two of the will is as follows:

> "I will, devise and bequeath all of my property of every sort, kind, and description (sic), both real and personal, unto my brother, Jack Freeman, absolutely and in fee simple forever. I take this opportunity to state at this time that I am fully aware of who all my blood relatives are, and that I am also fully aware of all the past family history, and that I am fully aware of all that my relatives, or any of them, have done, or failed to do for me, and that I am taking this family history into consideration in making the foregoing disposition of my property."

The will contained no other dispositive provision, the two remaining items simply naming testator's brother, Jack Freeman, as executor and directing the executor to pay the testator's just debts and funeral expenses.

Jack Freeman, the executor and sole beneficiary named in the will, died 29 November 1973, some four months before the death of Elmer R. Freeman. Jack Freeman was survived by his widow, Ruby Rice Freeman, by his daughter, Zella Freeman Marler, and by two granddaughters, Linda Gail Marler and Lisa Dale Marler. Jack Freeman's daughter, Zella Freeman Marler, applied for and was granted Letters Testamentary appointing her Administratrix c.t.a. of the estate of her uncle, Elmer R. Freeman. In making application for these Letters Testamentary, Zella Freeman Marler listed the above named survivors of Jack Freeman as the persons entitled to receive the estate of Elmer R. Freeman.

Elmer R. Freeman died without leaving a spouse or issue surviving him. His father died about 1927. He was survived by his mother, Eva Forester, who brought this action as petitioner seeking a declaratory judgment adjudicating that she is the person solely entitled to receive distribution of all of the net assets of the estate of her son, Elmer R. Freeman. The respondents, who are the above named survivors of Jack Freeman, filed answer in which they contend that they are the persons entitled to receive distribution of the net assets of the estate of Elmer R. Freeman. Guardians ad litem were appointed to represent minors, unknown heirs, and unborn persons, and answers were filed by the guardians ad litem.

---
---

The court allowed petitioner's motion for summary judgment in her favor, and respondents appealed.

*McGuire, Wood, Erwin & Crow by William F. Wolcott III and Larry E. Davis, for petitioner appellee.*

*Ronald W. Howell for respondent appellants.*

*Barden & Ruff for Stephen L. Barden III, Guardian ad Litem for the unknown heirs of Jack Freeman and all unborn persons related to Jack Freeman.*

*Adams, Hendon & Carson, P.A., for James Gary Rowe, Guardian ad Litem for the unknown heirs of Elmer R. Freeman and all unborn persons related to Elmer R. Freeman.*

PARKER, Judge.

[1]  The devolution of a lapsed devise or legacy is controlled by G.S. 31-42. Subsection (c) of that statute provides that where a devise or legacy lapses, it shall pass under the applicable residuary clause or, if there be none, then as if the testator had died intestate with respect thereto, "if a contrary intent is not indicated by the will." We agree with the trial court's conclusion that a contrary intent is not indicated by the will of Elmer R. Freeman, and we affirm the judgment directing distribution of the entire estate to the petitioner, who, as the sole surviving parent, is the person entitled to take the entire estate under the applicable intestate succession statute, G.S. 29-15(3).

We find unpersuasive the contention made by appellants that a contrary intent was indicated by the will of Elmer R. Freeman because he devised and bequeathed all of his property to his brother, Jack Freeman, "absolutely and in fee simple forever." These are technical words which define the quantum and quality of the estate granted. They do not indicate an intention that the property affected should remain in the family of Jack Freeman in event he should predecease the testator. "[T]he technical term 'in fee simple' is to be given its technical meaning in the absence of a clear expression of a contrary intention in the will itself." *Olive v. Biggs,* 276 N.C. 445, 459, 173 S.E. 2d 301, 310 (1970). We find no such contrary intention expressed in the will of Elmer R. Freeman. The statement in Item Two that the testator was "fully aware" of who his blood relatives were and of all that they, or any of them, had

done or failed to do for him, and that he was "taking this family history into consideration" in making the disposition of his property to his brother, simply falls short of expressing any intention that his brother's family, or, indeed, anyone else in particular, should take in event his brother should predecease him. Such an intention, had the testator entertained it, could have easily been expressed in simple and direct language.

[2]   We also reject appellants' contention that summary judgment was improper because a genuine issue of fact was shown to exist concerning the extent of the testator's association and affection for his brother's family as compared with his association and feelings toward his mother. The conflicting affidavits filed by the parties concerning these matters were simply not relevant to any issue before the court, and they were properly ignored by the court in making its determination. The intention of the testator must be determined from the will itself. Where, as here, the language in the will is not ambiguous, no evidence outside the instrument is competent in determining the intent of the testator. 7 Strong, N. C. Index 2d, Wills, § 28. There was in this case no genuine issue as to any material fact, and petitioner was entitled to judgment as a matter of law.

[3]   We also find no merit in appellants' further contention that, even if no contrary intention is contained in the express language of the will, the provisions of subsection (a) of G.S. 31-42 apply in this case so as to pass to the issue of Jack Freeman by substitution the devise made to him by Item Two of the will of Elmer R. Freeman. G.S. 31-42(a) provides that, unless a contrary intent is indicated by the will, a devise or legacy given to one who dies before the testator "shall pass by substitution to such issue of the devisee or legatee as survive the testator in all cases where such issue of the deceased devisee or legatee would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will." In support of their contention, appellants point out that the will of Elmer R. Freeman was executed on 20 June 1959, when the old Statute of Descent was still in effect, and that on that date the lineal descendants of Jack Freeman, had he predeceased his brother Elmer, would have been included among the heirs of the testator. The will, however, though dated 20 June 1959, speaks as of the date of the testator's death which was 9 April 1974. On that date G.S. Ch. 29, enacted by Ch. 879 of the 1959 Session Laws, was in effect and applicable to estates of per-

sons dying on or after 1 July 1960. By virtue of G.S. 29-15(3), the petitioner became solely entitled to receive the entire estate of her son in event of his death intestate. Thus, on the date the will became effective to pass any property, i.e., on the date of the testator's death, the issue of Jack Freeman would not have been "an heir of the testator under the provisions of the Intestate Succession Act had there been no will." Thus, G.S. 31-42(a) has no application under the facts of this case.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.