JUDY CAROL HORNE HOLLAND, And A.F. HORNE, JR.
v.
COY HORNE, individually and in his Capacity as Executor of the Estate of Mary Helen Treadaway Horne, WILLIAM HORNE, AND WILLIAM STEWART THOMAS.
No. COA09-399.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
McCoy Weaver Wiggins Cleveland Rose Ray, PLLC, by Richard M. Wiggins, for Plaintiff-Appellants.
Narron, O'Hale and Whittington, P.A., by James W. Narron, for Defendant-Appellees.
WYNN, Judge.
"A testator who desires to prevent lapse must express such intent or provide for substitution of another devisee in language sufficiently clear to indicate what person or persons testator intended to substitute for the legatee dying in his lifetime; otherwise the anti-lapse statute applies."[1] Here, because the decedent's will does not clearly indicate that the North Carolina anti-lapse statute is inapplicable, we affirm.
On 25 September 2004, Mary Helen Treadaway Horne ("Mary Horne") died in Scotland County, North Carolina leaving a will executed on 13 April 1995 that contained the following residuary clause under Article VI:
All the residue of the property which I may own at the time of my death, both real (including farm land, the barn land within the chain link fence, and rental houses) or personal, tangible or intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this Will, including all lapsed legacies and devises, or other gifts made by this Will which fail for any reason, I bequeath and devise to only my named children hereafter: Betty Jean Horne Thomas; Robert Milton Horne; A. F. Horne, Jr.; William Horne; Coy C. Horne; and Judy Carol Horne Holland, in fee simple, share and share alike.
Four of Mary Horne's six children survived her, including A. F. Horne Jr., Judy Carol Horne Holland, William Horne and Coy C. Horne. Regarding the two children who predeceased her, Robert Milton Horne died intestate without issue and Billy Jean Horne Thomas died testate leaving her entire estate to her surviving son, William Stewart Thomas. Mary Horne had executed a prior will on 30 August 1982 that was similar to the will executed in 1995, except that the 1982 will omitted A. F. Horne Jr. in its residuary clause.
Acting as executor of Mary Horne's 1995 will, Coy Horne determined that the North Carolina anti-lapse statute allowed William Stewart Thomas to receive the share his mother, Billy Jean Horne Thomas, would have taken as a residuary. In response, Judy Carol Horne Holland and A. F. Horne Jr. brought a declaratory judgment action seeking a declaration that the anti-lapse statute did not apply because the residuary clause under the 1995 will "limits a devise under the residuary clause to only those of her children who survived her . . . ."
Thereafter, the trial court conducted a hearing and upon reviewing both wills, found as fact that:
10. Excepting the provision of Article VI of the 1982 will that excluded A.F. Horne, Jr. and the inclusion of A.F. Horne, Jr. in Article VI of the 1995 will, the provisions and dispositions of the two instruments are in essence the same.
. . .
12. That the inclusion of the language "I bequeath and devise to only my named children hereafter" in the 1995 will, . . . creates a latent ambiguity in light of authorship of both wills of the decedent, the prior exclusion of A.F. Horne, Jr. from the 1982 will except for the sum of $1.00 and "the burdens I have carried on my heart since his father's death."
13. The Court specifically finds as a fact that the original intent of the language of Article VII of the 1982 will wherein the residue of the decedent's estate was bequeathed and devised "to only my named children hereafter" reflected the intention to exclude A.F. Horne, Jr. from all provisions of her will except for the "sum of $1.00 and the burdens I have carried on my heart since his father's death."
14. Having reviewed the provisions of both the 1982 and the 1995 wills and determined they are in essence . . . the same except for the inclusion of A.F. Horne, Jr., the Court finds as a fact that the inclusion and use of the term "to only my named children" is a scrivener's error, a term decedent would not have used had she not in essence duplicated the prior will except for the terms excluding A.F. Horne, Jr.
15. That the use of the terminology "to only my named children" is a latent ambiguity explained by the decedent's prior intention to exclude A.F. Horne, Jr.
Accordingly, the trial court concluded that the anti-lapse statute applied to the 1995 will "so as to allow the interest in all assets of the decedent's residuary estate that would have passed to Betty Jean Horne Thomas to pass to the Defendant William Stewart Thomas."
Plaintiffs appeal arguing that the trial court erred by determining that the 1995 will contained a latent ambiguity and by admitting the 1982 will as extrinsic evidence. We agree.
"A latent ambiguity presents a question of identity'a fitting of the description to the person or thing, which can only be done by evidence outside or dehors the instrument. . . .'" Wachovia Bank & Trust Co. v. Wolfe, 243 N.C. 469, 474, 91 S.E.2d 246, 250-51 (1956) (citation omitted). If the plain language is inadequate, extrinsic evidence is admissible to interpret latent ambiguities in a will. Hammer v. Hammer, 179 N.C. App. 408, 410, 633 S.E.2d 878, 881 (2006) (citation omitted).
The jurisdiction of the courts may be invoked to construe a will when, and only when, the language used in the will is so uncertain, vague, ambiguous, or conflicting that it creates a doubt as to the true intent of the testator. If the devise is couched in language which is clear and has a recognized legal meaning, there is no room for construction.
North Carolina Nat'l. Bank v. Carpenter, 280 N.C. 705, 708-09, 187 S.E.2d 5, 8 (1972) (citation omitted).
In this case, Article VI of the 1995 will states: "[I] bequeath and devise to only my named children hereafter: Betty Jean Horne Thomas; Robert Milton Horne; A. F. Horne Jr.; William Horne; Coy C. Horne; and Judy Carol Horne Holland, in fee simple, share and share alike." This language is clear and unambiguous. Indeed, the 1995 will sufficiently identifies what is being dispersed and who amongst the beneficiaries should receive the dispersal. A plain reading of the will does not reveal any ambiguities, therefore, the trial court erroneously determined that the residuary clause in the 1995 will was latently ambiguous.
Because the 1995 will was unambiguous, we further hold that the trial court erred in admitting the 1982 will as extrinsic evidence. It is well settled that:
If a will is sufficiently distinct and plain in its meaning as to enable the court to say that a particular person is to take, and that a particular thing passes, that is sufficient; and it must be construed upon its face without resorting to extraneous methods of explanation to give it point.
Holland v. Smith, 224 N.C. 255, 259, 29 S.E.2d 888, 891 (1944) (citation omitted). A plain reading of the residuary clause in the 1995 will does not reveal any latent ambiguities. Accordingly, the trial court erred by using the 1982 will to interpret the unambiguous language in the residuary clause of the 1995 will. Though we find it to have been error to have admitted the 1982 will, for the reasons that follow, we nonetheless uphold the trial court's decision to apply the anti-lapse statute to the 1995 will.
Plaintiffs further contend that the trial court erred by concluding that the 1995 will did not preclude the application of the anti-lapse statute. We disagree. Under the anti-lapse statute,
Unless the will indicates a contrary intent, if a devisee predeceases the testator, whether before or after the execution of the will, and if the devisee is a grandparent of or a descendant of a grandparent of the testator, then the issue of the predeceased devisee shall take in place of the deceased devisee.
N.C. Gen. Stat. § 31-42(a) (2007). If language in the will indicates an intent to the contrary, then the anti-lapse statute may not apply. Early v. Bowen, 116 N.C. App. 206, 210, 447 S.E.2d 167, 170 (1994), disc. review denied, 339 N.C. 611, 454 S.E.2d 249 (1995). The language expressing that the anti-lapse statute is inapplicable must clearly indicate individuals the testator intended to substitute for the predeceased legatee. Id.
In Early, all of the will beneficiaries predeceased the testator. There, we determined that the anti-lapse statute was applicable to a will that included the words "or to the survivor" after a distribution to the decedent's brothers. Id. at 213, 447 S.E.2d at 172. This Court found "no clear intent on Testator's part that either brother outlive him in order for his gift to be effective." Id.
In Forester v. Marler, 31 N.C. App. 84, 228 S.E.2d 646, disc. review denied, 291 N.C. 448, 230 S.E.2d 765 (1976), we examined a will provision that read as follows:
I will, devise and bequeath all of my property of every sort, kind, and discription (sic), both real and personal, unto my brother, Jack Freeman, absolutely and in fee simple forever. I take this opportunity to state at this time that I am fully aware of who all my blood relatives are, and that I am also fully aware of all the past family history, and that I am fully aware of all that my relatives, or any of them, have done, or failed to do for me, and that I am taking this family history into consideration in making the foregoing disposition of my property.
Id. at 85, 228 S.E.2d at 647. Thereafter, in Forester, we held that language in the will did not indicate that decedent intended anyone else to take should his brother predecease him. Id. at 87, 228 S.E.2d at 648. "Such an intention, had the testator entertained it, could have easily been expressed in simple and direct language." Id.
Here, Plaintiffs argue that because Mary Horne limited those who could take under the residuary clause to "only my named children hereafter", the 1995 will expresses a clear intent to not apply the anti-lapse statute. We disagree. As in Early and Forester, the language in the 1995 will in this case does not indicate that the decedent intended to defeat the application of the anti-lapse statute. Indeed, the 1995 will lists the residuary class of her estate and not the individuals that the decedent intended as beneficiaries in lieu of the anti-lapse statute. As in Forester, had Mary Horne intended to render the anti-lapse statute inapplicable to her will, she could have done so in simple and direct language. Accordingly, we affirm the trial court's application of the anti-lapse statute to the 1995 will.[2]
Affirmed.
Judges MCGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Early v. Bowen, 116 N.C. App. 206, 210, 447 S.E.2d 167, 170 (1994)(citations omitted), disc. review denied, 339 N.C. 611, 454 S.E.2d 249 (1995).
[2] Having upheld the trial court's determination in favor of Defendants that the anti-lapse statute applies to the 1995 will, we need not reach the several cross-assignments of error brought by Defendants.